IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN AXLE & MANUFACTURING, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 15-1168-LPS-CJB |
| NEAPCO HOLDINGS LLC and NEAPCO DRIVELINES LLC, | ) ) ) ) | |
| Defendants. | ) | |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

### I.   PURPOSE

1.   Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret, commercially sensitive, and/or private information for which special protection from public disclosure arising from this litigation may be warranted. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff, American Axle & Manufacturing, Inc. ("AAM"), and Defendants, Neapco Holdings LLC and Neapco Drivelines LLC (collectively, "Neapco Defendants"), by and through their respective counsel, hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order").  The parties further acknowledge, as set forth in paragraph 45 below, that the parties must comply with the Local Rule requirements when seeking to file materials under seal.

### II.   DEFINITIONS

2.   The terms defined in Section I and parenthetically elsewhere shall, throughout this Order, have the meanings provided.  Defined terms may be used in the singular or plural.

3. <u>Action</u>:  the above captioned lawsuits and any or all actions that may be consolidated or related to it.

4. <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

5. <u>"CONFIDENTIAL" Information or Items:</u>  information (regardless of how it is generated, stored, or maintained) or tangible things so designated by any Producing Party that it reasonably and in good faith believes it has treated as confidential in the ordinary course of business, which has not been disclosed publicly, and which the Producing Party believes in good faith must be held confidential to protect business or commercial interests.

6. <u>"HIGHLY CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored, or maintained) or tangible things so designated by any Producing Party that it reasonably and in good faith believes is of the type protectable under Rule 26(c) of the Federal Rules of Civil Procedure; required to be kept confidential by law or by agreement with a third party or otherwise; or constituting extremely sensitive confidential information or items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

7. <u>Counsel</u>:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

8. <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

9. <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things,

testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

10. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who is not presently employed by the Parties for purposes other than this Action or other lawsuits and has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action. A person may not be considered an Expert under this Order until the person has completed the Acknowledgment And Agreement To Be Bound attached as Exhibit A hereto, at least ten (10) days has passed since the same is served upon the producing Party with a current curriculum vitae of the person, and the producing Party has not objected in writing to disclosure of Protected Material to the person. The Parties agree to promptly confer in good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

11. In-House Counsel: attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

12. Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

13. Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

14. <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

15. <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

16. <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

17. <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

18. <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

## III.   SCOPE

19. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

20. Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

## IV.   DURATION

21. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing, or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1)

4

dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V.   DESIGNATING PROTECTED MATERIAL

### A.   Exercise of Restraint and Care in Designating Material for Protection

22.   Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

23.   Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

### B.   Manner and Timing of Designations

24.   Except as otherwise provided in this Order (see, *e.g.*, second paragraph of this section), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

5

25. Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend"), to each page that contains protected material. A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend or "HIGHLY CONFIDENTIAL" legend to each page that contains Protected Material.

(b) for testimony given in depositions, that the Designating Party specifically identify the Disclosure or Discovery Material either on the record before the close of the deposition or by written notice to the other party within 14 days of receipt of the final (*i.e.*, not "draft" or "rough") transcript. Unless otherwise agreed, depositions shall be treated as "HIGHLY CONFIDENTIAL" before and during the 14-day period following receipt of the final transcript. The deposition of any witness (or any portion of that deposition), which encompasses information designated as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL shall be taken only in the presence of persons who are qualified to have access to such information, unless otherwise mutually agreed by the Parties.

    (c) for information produced in some tangible form other than documentary, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**C.** **Failure to Designate**

  26. Failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material.  Upon correction of a designation, the Receiving Party must treat the material in accordance with the provisions of this Order.  Inadvertent or unintentional production of documents, information or material that has not been designated as Protected Material shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

  **D. Inadvertent Production**

  27. The inadvertent production in discovery of any attorney-client privileged or otherwise protected or exempted information, including materials subject to protection under the work product doctrine, the common interest doctrine or agreements, joint defense agreements, or other applicable immunities, shall not be deemed a waiver or impairment of any claim of privilege or protection or the subject matter thereof, provided that the Producing Party shall notify the Receiving Party as soon as possible in writing when inadvertent production is discovered. Within five (5) business days of receiving written notice from the producing party that privileged or protected information has been inadvertently produced, along with a log accurately describing such material, the Receiving Party shall either (a) return all such information, and all copies thereof, to the producing party or (b) certify that such information, and all copies thereof, has been destroyed. The Receiving Party may only challenge the

7

designation of the inadvertently produced information by moving for a court order compelling production of the material. Such a motion to compel shall rely solely on the description of the inadvertently-produced information that is provided on the Producing Party's log provided that the description therein is accurate; the receiving party may not cite or otherwise rely on the content of the inadvertently-produced information, except that if the description in the log is inaccurate or misleading and the Producing Party refuses to correct it after consultation, one copy of the material may be filed under seal with the motion to compel, with all other copies returned to the Producing Party and none retained by the Receiving Party.

## VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

28.    At any time after the delivery of Protected Materials or the making of Protected Materials available for inspection, any Receiving Party may challenge the confidentiality designation(s) of all or any portion thereof.  Nothing in this Order shall prevent a Receiving Party from contending that any documents or information designated as Protected Information have been improperly designated.  A Party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto.

29.    The Challenging Party shall provide a written notice served on counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated and describe the basis for each challenge.  To avoid any ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.  The parties shall attempt to resolve each challenge in good faith by conferring directly (in voice to voice dialogue) within 14 days of the date of service of the written notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality

designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Producing Party is unwilling to participate in the meet and confer process in a timely manner.

30.     If an agreement cannot be reached, the Challenging Party shall have seven (7) days to file a joint letter seeking a discovery dispute teleconference pursuant to Judge Stark's Revised Procedures for Managing Patent Cases (Discovery). If the Challenging Party does not timely file a motion for re-designation, then the Protected Information in dispute shall remain subject to the designation made.

31.     All Protected Materials are entitled to confidential treatment pursuant to the terms of this Order until and unless the Parties formally agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of a Protected Materials are entitled to confidential treatment.

## VII.    ACCESS TO AND USE OF PROTECTED MATERIAL

**A.    Basic Principles**

32.     A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section XII below (FINAL DISPOSITION).

33. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**B.      Disclosure of Protected Material**

34. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

35.

(a)      the Receiving Party's Outside Counsel of Record in this Action, as well as associated personnel necessary to assist Outside Counsel of Record in this action, such as other attorneys at the law firm of Outside Counsel of Record, legal assistants, paralegals, analysts, secretarial, stenographic, information technology, and clerical employees actually assisting such counsel, subject to the restrictions imposed by Paragraph 36 below;

(b)      up to two (2) In-House Counsel of the Receiving Party, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A, and their clerical staff;

(c)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed Exhibit A, and their clerical staff;

(d)      the Court and its personnel;

(e)      court reporters and their staff;

(f)      mock jurors to whom disclosure is reasonably necessary for this Action, and who have signed Exhibit A;

(g) professional jury or trial consultants, to whom disclosure is reasonably necessary for this Action, and who have signed Exhibit A;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) during their depositions, witnesses, and attorneys for witnesses (other than persons within the scope of the immediately preceding subsection (h)), in the Action to whom disclosure is reasonably necessary provided that the witness signs Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(j) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(k) Professional Vendors for purposes of performing work in connection with this Action.

36. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to those individuals listed in Paragraph 34, sub-paragraphs (a) and (c) through (k).

37. Absent written consent from the Producing Party, any Outside Counsel of Record who receives "HIGHLY CONFIDENTIAL" information of a Producing Party in connection with this lawsuit shall not, for a period ending two (2) years after a non-appealable final judgment in this proceeding is entered by the Court, participate, directly or indirectly, in patent prosecution activities on behalf of the Receiving Party relating in any way to the subject matter of the

patents-in-suit (*e.g.*, driveshaft technology) before any foreign or domestic agency, including the United States Patent & Trademark Office.  For purposes of this Order, "patent prosecution activities" include, without limitation: invention identification; invention evaluation; the decision whether to file a patent application for an invention; preparation of and/or amendments to original, continuation, divisional, continuation in-part, request for continued examination, reissue, substitute, renewal, or convention applications; claim drafting; or consultation on any of the above activities.  Notwithstanding anything else in this Order, "patent prosecution activities" shall not include assisting in any reexamination, inter partes review, or other post-grant proceeding at the U.S. Patent & Trademark Office.

## VIII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

38.   Other Proceedings.   By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

39.   If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

(a)   promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

    (b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

    (c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

  40.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

### IX. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

  41.  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

  42.  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

      (a)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

      (b)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

      (c)    make the information requested available for inspection by the Non-Party, if requested.

43.    If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

### X.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

44.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute Exhibit A.

45.    When a Producing Party gives notice to Receiving Parties that certain material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are

those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

46. Before any Protected Discovery Material is disclosed at trial or hearing, the parties may seek further protections against public disclosure from the Court.

## XI. MISCELLANEOUS

### A. Right to Further Relief

47. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

### B. Right to Assert Other Objections

48. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

### C. Filing Under Seal

49. All transcripts of depositions, exhibits, discovery requests or responses, pleadings, briefs, and/or other documents that have been served, exchanged or filed in this case, which have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

### D. Written Notice

50. For purposes of any written notice requirements under this Order, notice by email is sufficient.

### E.  Privilege Logs

51. The Parties are not required to identify on their respective privilege logs any work product of or communications sent or received by attorneys and support staff of Outside Counsel of Record who were at the time providing representation or advice pertaining to the subject matter of this Action; provided that this provision applies only for the purpose of logging privileged work product of and communications sent or received by Outside Counsel of Record, and not for the purpose of logging any work product of or communication sent or received by any other person.  The parties shall exchange their respective privilege logs at a time to be agreed upon by the parties following the production of documents.  The description of the basis for a privilege claim in privilege logs in this matter shall not by itself result in a waiver of privilege or attorney work product protection.

### F.  Source Code

52. To the extent that discovery in this Action will involve production of source code, the parties will meet and confer on appropriate additional protections.

### G.  Default Standard for Discovery

53. Except as otherwise provided in this Order, another order of the Court or written agreement by the Parties, the Parties shall conduct discovery in accordance with the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI").

## XII.  FINAL DISPOSITION

54. After the final disposition of this Action, as defined in Section III, within 60 days of a written request by the Designating Party, each Receiving Party must, at the Receiving Party's election, return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

55. Notwithstanding this provision, Outside Counsel are entitled to retain an archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material, to the extent that such Protected Material may be disclosed to such Counsel pursuant to section VII(B) and (C) above. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V. Further, Counsel are not required to delete information that may reside on their respective firm's electronic back-up systems.

56. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings, or monetary sanctions.

AGREED AND STIPULATED TO:

Dated: May 2, 2016

By:   */s/ Jeffrey T. Castellano*
     John W. Shaw (No. 3362)
     Jeffrey T. Castellano (No. 4837)
     SHAW KELLER LLP
     300 Delaware Avenue, Suite 1120
     Wilmington, DE 19801
     (302) 298-0701
     jshaw@shawkeller.com
     jcastellano@shawkeller.com
     *Attorneys for Plaintiff American Axle & Manufacturing, Inc.*

     James R. Nuttall
     Katherine H. Johnson
     Randal S. Alexander
     STEPTOE & JOHNSON LLP
     115 South LaSalle Street, Suite 3100
     Chicago, IL 60603
     (312) 577-1300
     jnuttall@steptoe.com
     kjohnson@steptoe.com
     ralexander@steptoe.com

     Boyd Cloern
     STEPTOE & JOHNSON LLP
     1330 Connecticut Avenue, N.W.
     Washington, DC 20036
     (202) 429-6407
     bcloern@steptoe.com

     *Attorneys for Plaintiff AMERICAN AXLE & MANUFACTURING, INC.*

By:   */s/ Robert M. Vrana*
     Melanie K. Sharp (No. 2501)
     Robert M. Vrana (No. 5666)
     YOUNG CONAWAY STARGATT & TAYLOR LLP
     1000 North King Street
     Wilmington, DE 19801
     (302) 571-6681
     msharp@ycst.com
     rvrana@ycst.com

     J. Michael Huget
     HONIGMAN MILLER SCHWARTZ & COHN LLP
     315 East Eisenhower Parkway, Suite 100
     Ann Arbor, Michigan 48108
     (734) 418-4200
     mhuget@honigman.com

     Brian J. Arnold
     HONIGMAN MILLER SCHWARTZ & COHN LLP
     One South Wacker Dr., 28th Floor
     Chicago, IL 60606
     (312) 701-9300
     barnold@honigman.com

     *Attorneys for Defendants NEAPCO HOLDINGS LLC and NEAPCO DRIVELINES LLC*

SO ORDERED THIS ___ day of _____, 2016.

                                                              _____

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

    I, _____ [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the foregoing Stipulated Protective Order in case no. 15-1168-LPS.  I understand that "CONFIDENTIAL" or HIGHLY CONFIDENTIAL material maybe be disclosed to me under the terms of the Stipulated Protective Order.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

    I further agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Delaware agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____ City and State where sworn and signed: _____

Printed name: _____

Signature: _____