IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN AXLE & MANUFACTURING, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 15-1168-LPS |
| NEAPCO HOLDINGS LLC and NEAPCO DRIVELINES LLC, | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

In this Memorandum Order, the Court addresses several of the pending motions and directs the parties to meet and confer as to what modifications to the schedule are necessary in light of today's rulings and/or a scheduling conflict that has arisen.

Reargument of Claim Construction/Leave to File Reply Brief

1. Presently before the Court is Plaintiff American Axle & Manufacturing, Inc.'s ("AAM") motion for reargument of the Court's claim construction ruling. (D.I. 122) In particular, AAM contends that the Court should reconsider its ruling that certain terms are indefinite. (*See* D.I. 113 at 9-14) For the reasons stated below, the Court will grant the motion.

2. Also before the Court is AAM's motion for leave to file a reply to Neapco's opposition to AAM's motion for reargument. (D.I. 131) AAM seeks leave to address deposition testimony taken after AAM filed its motion for reargument, some of which was discussed in Neapco's brief. The Court will grant AAM's request and deem the reply filed, as it responds to new evidence, facts, or arguments presented by Neapco. See *St. Clair Intellectual Prop.*

1

*Consultants, Inc. v. Samsung Elecs. Co.*, 291 F.R.D. 75, 80 (D. Del. 2013).[1]

3. Pursuant to Local Rule 7.1.5, a motion for reargument should be granted only sparingly. The decision to grant such a motion lies squarely within the discretion of the Court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions should be granted only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. A motion for reargument should be granted only if the movant can show at least one of the following: (i) an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) the need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). In no instance, however, should reargument be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295.

4. In its claim construction opinion, the Court determined that the claim terms that involve testing the degree of damping or determining natural frequencies of vibration are indefinite. (*See* D.I. 113 at 9-14) The Court found that "the patent is devoid of information and instruction as to how to assess the amount of damping in a system and how to determine the natural frequencies of a bending or torsion mode of a shaft assembly." (*Id.* at 11) "[T]he Court

---

[1] The Court has also found AAM's reply brief to be helpful and is denying AAM's request for oral argument.

reject[ed] AAM's assertion that the relevant properties do not change based on test conditions used to measure them," and was, instead, "persuaded that these properties – while natural properties that may not change once test conditions are fixed – may vary based on how a test is designed." (*Id.* at 13) The Court then found that AAM failed to "explain[] how a person of skill in the art would select appropriate conditions" or establish that "there is a standard set of conditions employed in this industry." (*Id.*) In sum, the Court stated:

> As the record supports a finding that conditions such as temperature will impact properties such as damping or vibrational frequencies – for example, these properties are expected to change depending on whether the vehicle is being tested at 100° F or 10° F – and whether the claims are satisfied depends (in part) on such properties, yet the patent is silent as to such testing conditions (e.g., at which temperature to test), it follows that a POSA would lack reasonable certainty as to the scope of the invention.

(*Id.* at 13-14)

5. AAM now contends that reargument is appropriate for three reasons: (1) the Court fundamentally misapprehended the effect of excitation-source variation; (2) new evidence confirms that a person of ordinary skill understands what boundary conditions to use when testing; and (3) new evidence confirms that a person of ordinary skill in the art would perform testing at room temperature. The Court rejects the first two grounds as bases on which to grant reconsideration, but agrees that new deposition testimony raises a fact dispute about whether an ordinarily-skilled artisan would know what temperature to use for testing.

6. With respect to AAM's argument that the Court misapprehended the effect of variations in excitation sources on testing, the Court disagrees. AAM asserts that the claim terms recite inherent properties of a propshaft that are not affected by excitation source, as confirmed

3

by deposition testimony of Niladri Das. (*See* D.I. 122 at 3) While Mr. Das does state that natural frequencies "are inherent to the product" and do not change "if the product is not changed," he goes on to explain that "[h]ow you test them and measure them can be as varied as anything else, so if you test in two different methods, you might get two different results. It depends a lot on the boundary conditions, it depends on how you set up, how you test, so the testing results can be different." (D.I. 122 Ex. 3 at 55-56) Thus, Mr. Das' testimony is consistent with the Court's understanding that the claimed "properties – while natural properties that may not change once test conditions are fixed – may vary based on how a test is designed." (D.I. 113 at 13)

7. AAM next asserts an argument it pressed during claim construction – "that the claims and specification make clear to one of ordinary skill in the art that the proper boundary condition is the propshaft installed in the driveline system" (*id.*) – and discusses new deposition testimony (*see* D.I. 122 at 7-8). But the Court's claim construction opinion addressed that some test conditions, such as boundary conditions, are described in the patent. (*See* D.I. 113 at 13) AAM's newly-cited evidence simply confirms a point that the Court had already accepted with respect to boundary conditions and found not to be conclusive because "even if some test conditions are revealed, others plainly are not." (*Id.*)

8. Finally, AAM contends that recent deposition testimony shows that a person of ordinary skill in the art would know what temperature to use for testing the claimed frequencies and damping. (*See* D.I. 122 at 8-10) During claim construction, the Court highlighted temperature as an example of one test condition not revealed by the patent that may affect damping or vibrational frequencies. (*See* D.I. 113 at 13) The Court determined that the patent's lack of explication of testing conditions, in conjunction with the fact that "the evidence does not

4

show that most or all persons of skill in the art would know to implement the same conditions" (*id.* at 14 n.15), indicates that an ordinarily skilled artisan would lack reasonable certainty as to the scope of the invention.

In its motion for reargument, AAM accepts that the claimed features may depend on temperature (*see* D.I. 122 at 9 & n.9), a proposition that is supported by the parties' new evidence. (*See* D.I. 129 Ex. A at 120-21; Ex. C at 71-72; Ex. D at 60) AAM also does not challenge that the patent does not describe the testing temperature(s). Instead, AAM focuses solely on the knowledge a person of ordinary skill in this art would have about testing conditions.

The Court concludes that the new deposition testimony suggests that a POSA might know that testing should occur at room temperature. Paul Roman, who had been an engineer at Neapco, stated that he had performed testing at room temperature (*see* D.I. 122 Ex. 2 at 52), which Mr. Das, a project manager at Neapco, confirmed (*see* D.I. 122 Ex. 3 at 66, 70). Two AAM engineers, Drs. Zhaohui Sun and Glen Steyer, similarly testified that they performed testing at room temperature. (*See* D.I. 131 Ex. 1 at 120, 182; Ex. 2 at 99) Thus, four engineers – two from AAM and two from Neapco – have now testified that when conducting the relevant testing, those tests were done at room temperature. This new evidence, at minimum, raises a factual dispute about whether a POSA would know to perform testing at room temperature.

Neapco contends that AAM "never asked Mr. Roman or Mr. Das *why* those tests were conducted at room temperature, whether the testing was representative of the frequency response of the liners or propshafts at operating conditions, or whether testing at other temperatures would be appropriate." (D.I. 129 at 7) But Neapco's argument simply reinforces the presence of a factual dispute on this point. Other facts, such as those Neapco's proposed questioning may

elicit, might ultimately be relevant in resolving this factual dispute, but the record is not yet developed enough for the Court to make those determinations.

As the Court finds there to be a factual dispute regarding the knowledge a POSA would bring to bear when testing for the claimed features – in particular, the testing temperature, a testing condition that was central to Neapco's argument on claim construction and the Court's previous determination that the terms are indefinite – it is appropriate to grant reargument. Such a factual dispute precludes the Court from concluding at this time that Neapco has proven, by clear and convincing evidence, that the claims are indefinite.

Accordingly, **IT IS HEREBY ORDERED** that:

A. AAM's motion for leave to file a reply (D.I. 131) is **GRANTED**.

B. AAM's motion for reargument (D.I. 122) is **GRANTED**.

C. The disputed terms of U.S. Patents Nos. 7,774,911; 8,176,613; and 8,528,180 are construed as follows:

| | |
|---|---|
| **positioning the at least one liner within the shaft member such that the at least one liner is configured to damp shell mode vibrations in the shaft member by an amount that is greater than or equal to about 2% / positioning the liner within the shaft member to damp shell mode vibration by an amount that is greater than or equal to about 2%**<br><br>[claim 1 of the '911 patent; claim 17 of the '613 patent] | not proven indefinite |

| | |
|---|---|
| **tuned to within about ± 20% [15%, 10%, 5%] of a bending mode natural frequency of the shaft assembly as installed in the driveline system / tuned to within about ± 20% [15%, 10%, 5%] of the natural frequency of the driveline system in at least one of the bending mode and the torsion mode**<br><br>[claims 1-4 of the '911 patent; claims 17-20 of the '613 patent] | not proven indefinite |

Motion to Amend

9. AAM has also filed a motion for leave to file an amended complaint, seeking to add a claim for willful patent infringement. (D.I. 105)

10. Pursuant to Federal Rule of Civil Procedure 15, an amendment ordinarily is permitted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Under Rule 16(b), "a schedule may be modified only for good cause and with the judge's consent." "Good cause" exists when the schedule "cannot reasonably be met despite the diligence of the party seeking the extension," Fed. R. Civ. P. 16(b)(4) Advisory Committee's Notes (1983 amendments), and "hinges on diligence of the movant, [] not on prejudice to the non-moving party," *Roquette Freres v. SPI Pharma, Inc.*, 2009 WL 1444835, at *4 (D. Del. May 21, 2009).

11. Having reviewed the parties' filings relating to AAM's motion for leave to amend its complaint (D.I. 105, 108, 110), **IT IS HEREBY ORDERED** that AAM's motion (D.I. 105) is **DENIED**. As AAM's motion was filed on March 27, 2017, well after the scheduling order's August 31, 2016 deadline for filing motions to amend the pleadings (D.I. 28 at 2), AAM must

7

satisfy the good cause standard of Federal Rule of Civil Procedure 16(b), which "hinges on the diligence of the movant." *S. Track & Pump, Inc. v. Terex Corp.*, 722 F. Supp. 2d 509, 521 (D. Del. 2010). AAM has failed to do so. AAM does not dispute that it received the documents relevant to its proposed amendment by November 22, 2016 (D.I. 105 at 2), and Neapco identify several key documents that were produced even earlier, by September 21, 2016 (D.I. 108 at 2). Although these dates are both after the scheduling order's deadline, AAM provides no persuasive reason why it could not have moved to amend promptly after it received these documents. Instead, AAM waited more than four additional months to file its motion and, notably, until just weeks before the end of fact discovery (D.I. 105 at 2). Accordingly, the Court determines that AAM has failed to demonstrate that it acted diligently.

Scheduling

12. After today's rulings, several summary judgment and *Daubert* motions remain pending. (*See* D.I. 149, 155, 157, 159) Consistent with the operative schedule, the parties will complete briefing on these motions tomorrow. (*See* D.I. 148) Although the Court is currently scheduled to hear oral argument on these motions on September 26, the Court is no longer available on this date. The hearing will need to be rescheduled for some date after October 15. In addition to the Court's scheduling conflict, it is also possible that today's rulings may cause the parties to wish to file limited, additional briefing.

13. Accordingly, **IT IS HEREBY ORDERED** that (a) the parties shall meet and confer and, no later than September 8, submit a joint status report indicating, in addition to anything else they wish to advise the Court, (i) whether they request the opportunity to submit limited, additional briefing as a result of today's rulings, and (ii) their availability for a

rescheduled hearing on the pending motions on dates between October 15 and November 30; and

(b) the September 7 deadline for reply briefs is STAYED until further order of the Court.

September 6, 2017
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE