IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN AXLE & MANUFACTURING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 15-1168-LPS-CJB |
| NEAPCO HOLDINGS LLC and NEAPCO DRIVELINES LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT

Pursuant to the Court's Oral Order on February 8, 2020 (D.I. 243), Plaintiff American Axle & Manufacturing, Inc. ("American Axle") and Defendants Neapco Holdings LLC and Neapco Drivelines LLC (collectively, "Neapco") hereby submit the following joint status report.

## BACKGROUND[1]

On July 31, 2020, the Federal Circuit issued its opinion, affirming this Court's invalidity ruling on certain asserted claims (22–24, 26, 28, 31, and 34–36) of the '911 patent, vacating the ruling as to other claims (1–6, 12, 13, 19–21), and remanding those claims to this Court for further consideration. American Axle filed a motion with the Federal Circuit seeking to stay issuance of the mandate pending resolution of a cert petition. The Federal Circuit denied the motion. *See* D.I. 233. On October 30, 2020, the Federal Circuit issued its mandate. D.I. 234.

On November 10, 2020, the parties filed a Joint Status Report with competing positions about how this case should move forward on the remanded claims. D.I. 236.

---

[1] The Court may find additional background in the parties' Joint Status Report dated November 10, 2020. D.I. 236.

On November 24, 2020, American Axle moved to stay the remand proceedings as to claims 1–6, 12, 13, 19–21 of the '911 patent pending disposition of American Axle's petition for a writ of certiorari as to claims 22–24, 26, 28, 31, and 34–36 of the '911 patent.  *See* D.I. 237–242 (completed briefing on motion to stay).

On December 28, 2020, American Axle filed its petition for a writ of certiorari before the Supreme Court.  *See American Axle & Mfg., Inc. v. Neapco Holdings LLC, et al.*, Case No. 20-891, https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/20-891.html.

On January 11, 2021, Neapco filed a waiver of its right to respond to American Axle's petition.  *Id.*  On January 29, 2021, the Supreme Court requested a response from Neapco to American Axle's petition.  *Id.*  On February 5, 2021, Neapco moved to extend the time to file its response to American Axle's petition to March 31, 2021.  *Id.*  The Supreme Court granted Neapco's motion on February 8, 2021.  *Id.*  Neapco's response to American Axle's petition is due March 31, 2021.  *Id.*

On February 8, 2021, this Court ordered the parties to submit a joint status report "advising the Court of their position(s) as to whether (and, if so, how) these developments in the Supreme Court should affect this Court's assessment of the pending motion to stay (D.I. 238)."  D.I. 243.

## THE PARTIES' POSITIONS

The parties have met and conferred regarding how this case should proceed.  The parties provide separate proposals and comments below.

**American Axle's position**: American Axle respectfully submits that the Supreme Court ordering Neapco to respond to American Axle's petition, Neapco's request for an extension to file its response, and other recent developments support American Axle's request for a stay pending

disposition of its certiorari petition.

First, the Supreme Court's call for a response from Neapco confirms that there is a reasonable probability that certiorari will be granted, as Judge Moore recognized at the Federal Circuit. *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 977 F.3d at 1382 (Moore, J., *concurring*) (noting the "reasonable probability that certiorari will be granted and a fair prospect that the majority of the [Supreme] Court will reverse."). Neapco tries to dismiss the significance of the Supreme Court's call for response, but it cannot dispute that the call for a response increases the likelihood of certiorari being granted. The conclusion that there is a reasonable probability that certiorari will be granted is also bolstered by the early filing of several amicus briefs in support of American Axle's petition: New York Intellectual Property Law Association (January 25, 2021); Alliance of U.S. Startups & Inventors for Jobs (January 29, 2021); The Chicago Patent Attorneys (February 4, 2021); and New York City Bar Association (February 5, 2021). *Id.* Several additional amici, including the American Intellectual Property Law Association (AIPLA), Houston Intellectual Property Law Association, Biotechnology Innovation Organization (BIO), Professors Jeffrey Lefstin (UC Hastings) and Peter Menell (Berkeley), and Ameranth, Inc., among others, have also notified the parties of their intent to file briefs in support of American Axle's petition. Under Supreme Court Rule 37.2(a), the deadline for an amicus curiae brief in support of American Axle's petition is due 30 days after the Court called for a response from Neapco, or March 1, 2021. Sup. Ct. R. 37.2(a).

These developments favor a stay of the remand proceedings, which will promote judicial economy and may simplify issues. *See* Dkt. 239, 242. Neapco seemingly agrees. It suggests the Supreme Court will see the overlap between American Axle's petition and these remand proceedings and conclude that this case is a poor vehicle for addressing Section 101 issues. For

the reasons outlined by the dissenting judges and numerous amici, this case is an ideal vehicle for the Supreme Court to address Section 101. *See American Axle & Mfg., Inc. v. Neapco Holdings LLC, et al.*, Case No. 20-891, https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/20-891.html, Brief of New York Intellectual Property Law Association at 3 (Jan. 25, 2021) ("This case represents an ideal vehicle for the Court to alleviate the state of confusion concerning the law governing patent eligibility."); *id*. at 14–17; Brief of The Chicago Patent Attorneys at 21 ("This case represents an opportune vehicle to provide clarity in proper application of § 101"); *id*. at 18–22. But Neapco's argument still proves American Axle's point. Absent a stay of these proceedings, there may be "significant wasteful, duplicative or parallel process." D.I. 233, *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 977 F.3d 1379, 1384 (Fed. Cir. 2020).

Neapco observes that the likelihood the Supreme Court grants certiorari is not an enumerated stay factor. But "whether a stay will simplify the issues for trial" is a factor. *Ethicon LLC v. Intuitive Surgical, Inc.*, No. CV 17-871-LPS, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019). And the likelihood of a grant is certainly correlated to whether a stay would simplify issues. The recent developments indicate the Supreme Court is interested in this case, and increases the likelihood that the Supreme Court will grant cert. This, in turn, increases the likelihood that a stay of these remand proceedings will simplify issues.

Second, Neapco's request for a month-long extension to March 31, 2021, to respond to American Axle's petition runs counter to Neapco's claim that a modest stay will cause "significant harm to Neapco and the public." D.I. 241 at 1. Moreover, the length of any stay will still be modest. Under Supreme Court Rule 15(3), the Clerk of the Supreme Court must distribute American Axle's petition and Neapco's brief in opposition "no less than 14 days after the brief in

opposition is filed." Sup. Ct. R. 15(3).  American Axle, therefore, expects a decision on its petition in April 2021.  Neapco fails to measure its arguments regarding the likelihood of a grant of certiorari, and its alleged (but unsupported) harm against the very modest time period for the stay. If the petition is denied, the parties can proceed.  In the event certiorari is granted, a lengthier stay would be justified.

Third, the District's recent suspension of jury trials until or after April 5, 2021 (*see* Standing Order Re: Criminal and Civil Jury Trial Suspension (Feb. 5, 2021))—consistent with the suspension of trials in individual matters pending in the District, including well beyond April 2021—also favors a stay of the remand proceedings.  *See British Telecommunications PLC v. IAC/InterActiveCorp*, No. CV 18-366-WCB, 2020 WL 5517283, at *5–6 (D. Del. Sept. 11, 2020) (granting a stay despite "relatively advanced stage of the proceedings" "in light of the COVID-19 pandemic" and because, "[w]hile there has been substantial progress in this case, the most burdensome parts of the case for the parties and the court—preparation for trial, going through the trial process, and engaging in post-trial motions practice—all lie in the future").

These recent developments favor staying the remand proceedings.  The Court should grant American Axle's motion and stay the case.

**Neapco's position**:

The Supreme Court has asked Neapco to respond to American Axle's cert petition, and Neapco has sought a modest extension of time to do so.  However, Neapco's position is unchanged: this case should proceed without delay on claims 1-6, 12, 13, and 19-21.

*First*, the Supreme Court's request for a response—which is not unusual and is not an

indication of likelihood of granting cert[2]—does not affect any of the factors that this Court is to consider when addressing American Axle's motion to stay. *See* D.I. 240 at 7-13. The Supreme Court's request does not alter that a stay would unduly prejudice Neapco, which continues to suffer from the cloud of its competitor's infringement allegations hanging over it. *Id.* at 7-10. Likewise, the Supreme Court's request does not impact whether a stay would simplify issues. *Id.* at 10-12. It would not, even assuming the Supreme Court were to grant cert and reverse. And the Supreme Court's request does not alter that American Axle has identified no cognizable harm it would suffer absent a stay. *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 977 F.3d 1379, 1381 (Fed. Cir. 2020) ("In this case, AAM has not made the required showing of a likelihood of irreparable injury absent a stay.").

American Axle focuses solely on the likelihood the Supreme Court will grant cert, but unlike the stay analysis at the Court of Appeals, likelihood of a cert grant is not one of the stay factors this Court considers. To that end, this Court routinely denies stay motions pending the filing of an IPR petition, despite the fact that the Patent Office grants well more than half of those petitions. D.I. 240 at 6.

Neapco's request for a modest extension of time to respond to the cert petition also has no bearing on the stay analysis. An extension is standard where, as here, Neapco's response must account for amicus submissions filed after the cert petition. In fact, the Supreme Court's amicus rules require notice precisely because it contemplates that a respondent will need an extension to account for amicus briefs. An extension is also standard practice given that a petitioner, like American Axle, has 150 days to prepare a petition, while the responding party has only 30 days to

---

[2] The Supreme Court denies cert in over 99% of cases, including in the vast majority of cases in which it calls for a response.

prepare its response.  Moreover, a one-month extension relating to claims already held invalid does not undercut the assertion that a stay, likely to last for *years* if the Supreme Court grants cert, will harm Neapco.  That is especially true where, as here, Neapco is advancing *other dispositive invalidity defenses* that are unrelated to the issues raised by American Axle's cert petition.

*Second*, if anything, the Supreme Court will consider the interlocutory nature of the case, and the fact that half the claims are pending in this Court, as reasons to deny cert.  The Federal Circuit affirmed the invalidity of one set of claims (22-36), and remanded the second set of claims (1-21) to this Court for further consideration.  Moreover, Neapco has raised dispositive defenses, including invalidity under Sections 102, 103, and 112, that will need to be addressed for claims 1-21 on remand.  Those same defenses would have to be addressed in the unlikely event that the Supreme Court grants cert and reverses on Section 101 natural law grounds for claims 22-36.  Those circumstances make this case a poor vehicle for the Supreme Court to revisit Section 101.

*Finally*, the District's COVID-related suspension of jury trials through April 2021 is irrelevant.  No party is suggesting that the Court move this case to trial immediately.  Rather, Neapco contends that the best course is for this Court to enter a briefing schedule for summary judgment, meaning that any possible jury trial will likely occur no earlier than 2022.[3]

Although Neapco maintains the stay motion should be and can be denied outright, at a bare minimum, for the reasons in Neapco's response brief, D.I. 240 at 4-7, this Court should

_____

[3] The case cited by American Axle, *British Telecommunications PLC*, does not help its COVID-related argument.  In that case, the sole remaining claim was undergoing reexamination at the PTO. *See* 2020 WL 5517283, at *1.  Although the court found that the late stage of the proceedings "cuts somewhat against issuing a stay" *id.* at *6, it granted the stay, finding a lack of undue prejudice because the parties were not competitors, and the likelihood of simplification because the sole remaining claim was subject to reexamination. *Id.* at *7-9.  Here, the late stage of the proceedings also cuts against a stay, but the parties are competitors and Supreme Court review will not simplify the remaining issues in this case, so a stay is not warranted.

deny the stay motion now, without prejudice to American Axle re-filing if the Supreme Court grants cert.

Shaw Keller llp

/s/ Jeff Castellano
John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
(302) 298-0701
jshaw@shawkeller.com
jcastellano@shawkeller.com
*Attorneys for American Axle & Manufacturing, Inc.*

Young Conaway Stargatt & Taylor, LLP

/s/ Melanie K. Sharp
Melanie K. Sharp (No. 2501)
Robert M. Vrana (No. 5666)
1000 North King Street
Wilmington, DE  19801
(302) 571-6681
msharp@ycst.com
rvrana@ycst.com
*Attorneys for Neapco Holdings LLC and Neapco Drivelines LLC*

Dated:  February 10, 2021