IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN AXLE & MANUFACTURING, INC. | : |
| Plaintiff, | : |
| v. | : C.A. No. 15-1168-LPS |
| NEAPCO HOLDINGS LLC, and NEAPCO DRIVELINES LLC, | : |
| Defendant. | : |

## MEMORANDUM ORDER

WHEREAS, on February 27, 2018, this Court granted summary judgment of patent ineligibility under Section 101 as to the asserted claims of United States Patent 7,774,911 (the "'911 Patent") (D.I. 219, 220);

WHEREAS, on October 3, 2019, the Federal Circuit affirmed this Court's grant of summary judgment, *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 939 F.3d 1355, 1368 (Fed. Cir. 2019);

WHEREAS, American Axle & Manufacturing, Inc. ("American Axle") requested a panel rehearing that resulted in issuance of a modified opinion on July 31, 2020 that affirmed-in-part and vacated-in-part this Court's February 27, 2018 grant of summary judgment, *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 967 F.3d 1285, 1304 (Fed. Cir. 2020);

WHEREAS, the Federal Circuit's July 31, 2020 decision remanded the matter to this Court for further consideration of claims 1-6, 12-13, and 19-21 of the '911 Patent ("Remand Claims");

1

WHEREAS, American Axle also petitioned for rehearing en banc by the Federal Circuit, a request that Court denied, *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 966 F.3d 1347, 1348 (Fed. Cir. 2020);

WHEREAS, American Axle petitioned the Federal Circuit to stay the issuance of the mandate arising from that Court's July 31, 2020 opinion, but that petition was denied, *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 977 F.3d 1379, 1381-82 (Fed. Cir. 2020);

WHEREAS, on October 30, 2020, the Federal Circuit issued its mandate (*see* D.I. 234);

WHEREAS, on December 28, 2020, American Axle filed a petition for a writ of certiorari in the United States Supreme Court, seeking review in that Court as to the Federal Circuit's orders with respect to claims 22-24, 26, 28, 31, and 34-36 of the '911 Patent ("Cert. Claims") (*see* D.I. 244 at 2);

WHEREAS, in this Court American Axle has filed a Motion to Stay Pending Filing and Disposition of Petition for Writ of Certiorari (D.I. 238) ("Stay Motion"), which asks this Court to stay proceedings here with respect to the Remand Claims until the Supreme Court concludes whatever proceedings it chooses to undertake with respect to the Cert. Claims;

WHEREAS, Defendants Neapco Holdings LLC and Neapco Drivelines LLC (collectively, "Neapco") oppose American Axle's Stay Motion (D.I. 240);[1]

WHEREAS, on January 29, 2021, the Supreme Court requested that Neapco respond to American Axle's petition for a writ of certiorari, with a response now due (after a request for an extension by Neapco) on March 31, 2021 (*see* D.I. 244 at 2);

---

[1] "Neapco seeks to proceed on dispositive defenses – Section 112, abstract-idea, and non-infringement – against the remaining claims [i.e., the Remand Claims] that have no relation to the natural law theory that invalidated the other claims [i.e., the Cert. Claims]." (D.I. 240 at 1) (emphasis omitted)

WHEREAS, a decision on American Axle's petition is expected in or around April 2021 (*see* D.I. 244 at 5);

WHEREAS, American Axle's Stay Motion is now fully-briefed (*see* D.I. 239, 240, 242), and the Court's consideration of the record has included review of the parties' supplemental filing on February 10, 2021 (D.I. 244);

**NOW, THEREFORE, IT IS HEREBY ORDERED** that American Axle's Stay Motion (D.I. 238) is **GRANTED** to the extent that the instant proceedings are **STAYED** until the Supreme Court issues a decision granting or denying American Axle's petition. The Stay Motion is **DENIED WITHOUT PREJUDICE** to the extent it seeks a longer stay.

As the parties agree (*see* D.I. 239 at 9, D.I. 240 at 4), the decision whether to grant a stay is discretionary. *See also Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *Nokia Corp. v. Apple Inc.*, 2011 WL 2160904, at *1 (D. Del. June 1, 2011). "Courts typically rely on three factors in determining whether a stay is appropriate: (1) whether a stay will simplify the issues for trial, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Ethicon LLC v. Intuitive Surgical, Inc.*, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019). Here, these factors favor granting at least a short stay.

First, the stay may simplify the issues the Court needs to decide. In the context of this case, the simplification factor includes the reality that judicial economy favors avoiding the complexity and expenditure of resources that would result from this case proceeding simultaneously in both a trial court and the Supreme Court. Second, while discovery is complete (and no party seeks to reopen it) (*see* D.I. 236 at 6 n.1; D.I. 240 at 13), no trial date has been set, and the combination of potential further appellate review and the ongoing impact of the

coronavirus pandemic would render it imprudent to set a trial date at this time. Third, although Neapco contends that it is prejudiced by the ongoing "cloud" created by the pendency of American Axle's infringement allegations (D.I. 240 at 7-9), Neapco has done nothing to demonstrate concrete and particularized harm from this purported "cloud," as American Axle correctly observes (*see* D.I. 242 at 4-5). *See also generally Foundation Med., Inc. v. Guardant Health, Inc.*, 2018 WL 950261, at *2 (D. Del. Feb. 15, 2018) (noting court may have "strongly disfavored a stay if Defendant had put forward actual record evidence better articulating how, exactly, this 'cloud' has impacted its business operations").[2] Also, Neapco's request for additional time to brief its position in the Supreme Court, while entirely reasonable, seems in tension with its contention here that even a short delay in the remand proceedings is causing injury to Neapco.

The parties debate the applicability of the analysis this Court undertook in denying stay motions in *Kraft Foods Grp. Brands LLC v. TC Heartland, LLC*, C.A. No. 14-28-LPS D.I. 149 (D. Del. Dec. 21, 2015) (denying patentee's motion to stay pending IPR in patent dispute between competitors); *see also* 232 F. Supp. 3d 628 (D. Del. 2017) (denying stay after Supreme Court granted certiorari to review venue issue). (*See, e.g.*, D.I. 239 at 14 n.3; D.I. 240 at 7-9) Because stay motions require a fact-specific, discretionary analysis, it cannot be surprising that decisions addressing such requests in different "unusual procedural posture[s]," *Kraft Foods*, 232 F. Supp. 3d at 629, may come out differently. Moreover, in denying T.C. Heartland's requested

---

[2] Neapco asserts that "a stay would severely prejudice Neapco, who competes directly with American Axle, while American Axle can identify no harm – a finding the Federal Circuit already made when it denied American Axle's motion to stay the mandate – if it is required to resume litigating its own affirmative case as plaintiff." (D.I. 240 at 3) (emphasis omitted) But Neapco has not demonstrated that the (likely short) stay the Court is granting will severely prejudice it.

4

partial stay after the Supreme Court granted its petition for a writ of certiorari, this Court merely resolved motions that had by then – and before a stay was requested – been fully briefed and argued, and then continued trial to a date after the Supreme Court's decision was expected. *See id.* at 631-32. None of this provides support for Neapco's position that the Court should deny American Axle's Stay Motion and order new summary judgment briefs at this time.

**IT IS FURTHER ORDERED** that, no later than seven days after the Supreme Court issues a decision on American Axle's petition, the parties shall meet and confer and submit a joint status report to the Court, including their proposal(s) for how this case should proceed. American Axle may, thereafter, file a new motion for a stay, should it still desire a stay and believe one is warranted.

February 17, 2021
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE