# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN AXLE & MANUFACTURING, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) C.A. No. 15-1168-RGA |
| NEAPCO HOLDINGS LLC and NEAPCO DRIVELINES LLC, | ) ) ) |
| Defendants. | ) ) ) ) |

## JOINT STATUS REPORT

Pursuant to the Court's February 17, 2021, Order (D.I. 245 at 5), Plaintiff American Axle & Manufacturing, Inc. ("American Axle") and Defendants Neapco Holdings LLC and Neapco Drivelines LLC (collectively, "Neapco") hereby submit the following joint status report.

## BACKGROUND

**The Initial District Court Proceedings**

American Axle filed its Complaint on December 18, 2015, asserting that Neapco infringes U.S. Patent Nos. 7,774,911, 8,176,613, and 8,528,180. D.I. 1. American Axle contended that Neapco infringes claims 1–6, 12, 13, 19–24, 26, 28, 31, and 34–36 of the '911 patent. Only the '911 patent remains at issue in this case.

On April 7, 2017, the Court held that claims 1–6, 12, 13, and 19–21 of the '911 patent were invalid for indefiniteness under 35 U.S.C. § 112. D.I. 113, 114. On April 21, 2017, American Axle moved for reargument as to those claims. D.I. 122.

Fact discovery closed on April 24, 2017 (D.I. 83), and expert discovery closed on July 28, 2017. D.I. 140. On August 11, 2017, the parties filed the following *Daubert* and summary

1

judgment motions as to the then-remaining claims of the '911 patent, claims 22–24, 26, 28, 31, 34–36:

- D.I. 155 – American Axle's motion for summary judgment of infringement;
- D.I. 157 – American Axle's combined *Daubert* motion to exclude certain testimony of Neapco's technical expert, Steven Becker, and Neapco's damages expert, Michael Chase;
- D.I. 159 – American Axle's motion for summary judgment of no invalidity pursuant to 35 U.S.C. §§ 101 and 102 (as to the Laskey reference); and
- D.I. 149 – Neapco's motion for summary judgment of invalidity pursuant to 35 U.S.C. §§ 101 and 112 (indefiniteness) and non-infringement.

On September 6, 2017, the Court granted American Axle's motion for reargument as to claims 1–6, 12, 13, and 19–21 of the '911 patent, finding the existence of a factual dispute that precluded a finding that those claims were indefinite under 35 U.S.C. § 112 at the time of the Order. D.I. 180. The Court reopened expert discovery and set a schedule for supplemental *Daubert* and summary judgment motions specifically as to claims 1–6, 12, 13, and 19–21. D.I. 181, 182. Supplemental expert discovery closed on November 17, 2017. D.I. 199. On December 18, 2017, the parties filed the following supplemental *Daubert* and summary judgment motions as to claims 1–6, 12, 13, and 19–21 of the '911 patent:

- D.I. 206 – American Axle's supplemental motions for summary judgment of infringement and of no invalidity pursuant to 35 U.S.C. §§ 101 and 102 (as to the Laskey reference), and American Axle's supplemental *Daubert* motion to exclude certain testimony of Neapco's technical expert, Steven Becker
- D.I. 207 – Neapco's supplemental motions for summary judgment of invalidity

pursuant to 35 U.S.C. §§ 101 and 112 (indefiniteness) and non-infringement; and

- D.I. 208 – Neapco's *Daubert* motion to exclude certain testimony of American Axle's technical expert, Dr. Christopher Rahn.

On January 18, 2018, the Court held oral argument on the parties' summary judgment and *Daubert* motions.

On February 27, 2018, the Court ruled on the motions implicating 35 U.S.C. § 101. D.I. 219. The Court granted Neapco's motions for summary judgment that claims 1–6, 12, 13, 19–24, 26, 28, 31, and 34–36 of the '911 patent are invalid for failure to claim patent-eligible subject matter, and denied American Axle's cross-motion on Section 101. *Id*. The Court denied all other motions as moot, and entered final judgment in Neapco's favor. *Id*. at 5–6.

**The Appeal**

American Axle appealed the Court's judgment to the United States Court of Appeals for the Federal Circuit. *See Am. Axle & Mfg., Inc. v. Neapco Holdings LLC, et al.*, Federal Circuit Case No. 2018-1763. *See* D.I. 225, 226.

On October 3, 2019, the Federal Circuit affirmed the Court's judgment that claims 1–6, 12, 13, 19–24, 26, 28, 31, and 34–36 of the '911 patent are invalid under 35 U.S.C. § 101 for failure to claim patent-eligible subject matter. D.I. 229, 229-1; *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 939 F.3d 1355 (Fed. Cir. 2019).

On November 18, 2019, American Axle petitioned the Federal Circuit for panel rehearing and rehearing en banc. *See Am. Axle & Mfg., Inc. v. Neapco Holdings LLC, et al.*, 2018-1763, D.I. 79 (Fed. Cir. Nov. 18, 2019).

On July 31, 2020, the Federal Circuit granted American Axle's petition for panel rehearing,

vacated its previous opinion and issued a modified opinion. D.I. 230, 232, 232-1; *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 967 F.3d 1285 (Fed. Cir. 2020). The Court denied American Axle's petition for rehearing en banc. *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 966 F.3d 1347 (Fed. Cir. 2020).

In the modified panel decision, the Federal Circuit affirmed the Court's judgment that claims 22–24, 26, 28, 31, and 34–36 of the '911 patent are invalid under 35 U.S.C. § 101 for failure to claim patent-eligible subject matter under the natural law exception. *See* D.I. 232-1; 967 F.3d at 1299-1300. The Federal Circuit vacated the Court's judgment that claims 1–6, 12, 13, 19–22 of the '911 patent (the "Remanded Claims") are invalid under 35 U.S.C. § 101 under the natural law exception. 967 F.3d at 1300-1301. The Federal Circuit remanded those claims to this Court to determine in the first instance whether they are invalid under a different Section 101 exception to patent-eligible subject matter, the "abstract idea" exception. *Id.*

The Federal Circuit issued the mandate on October 30, 2020. D.I. 234.

**The Remand District Court Proceedings**

On December 28, 2020, American Axle petitioned for a writ of certiorari to the U.S. Supreme Court. *See Am. Axle & Mfg., Inc. v. Neapco Holdings LLC, et al.*, No. 20-891. On November 24, 2020, American Axle moved this Court to stay the remand proceedings pending disposition of its petition for a writ certiorari. Dkt. 238, 239.

On February 18, 2021, the Court granted American Axle's stay motion, and stayed the remand proceedings pending the U.S. Supreme Court's disposition of American Axle's petition for a writ certiorari. The Court further ordered "that, no later than seven days after the Supreme Court issues a decision on American Axle's petition, the parties shall meet and confer and submit a joint status report to the Court, including their proposal(s) for how this case should proceed."

4

Dkt. 245 at 5.

On June 30, 2022, the U.S. Supreme Court denied American Axle's petition for a writ of certiorari.

## THE PARTIES' POSITIONS

The parties have met and conferred regarding how this case should proceed. The parties' separate proposals are below.

**Plaintiff American Axle's position**:

American Axle submits that the Court should decide the previously briefed but undecided summary judgment and *Daubert* motions and the narrow issue remanded by the Federal Circuit, whether the Remanded Claims are invalid under Section 101 as directed to an abstract idea.[1]

Although the parties fully briefed summary judgment and *Daubert* motions and the Federal Circuit's remand was specifically only directed to the Section 101 abstract idea issue, Neapco wants to throw out the entire previously completed summary judgment record and: (1) redo all of the summary judgment briefing on issues (non-infringement and indefiniteness) that were already fully briefed and (2) file new summary judgement briefs on issues (written description and enablement) that it never previously raised on summary judgement. While American Axle does

---

[1] American Axle disagrees with Neapco's assertions that the Remanded Claims are directed to an abstract idea, and disagrees with Neapco's attempt to argue the issue in this status report. Neapco quotes snippets of the Federal Circuit's decision, but fails to include that the Federal Circuit vacated the decision that the remanded claims were invalid because they were not "directed to Hooke's law," are "different from claim 22" including "controlling characteristics" of "variables other than mass and stiffness" and "unlike claim 22 has an additional limitation of 'positioning the at least one liner.'" D.I. 232-1 at 24–26. Neapco also conveniently omits that 6 of the 12 active judges of the Federal Circuit would have ruled differently and reversed the Court's judgment on claim 22. *See generally* D.I. 231. The United States government, including the United States Patent and Trademark Office, also believe that the Court erred and American Axle's claim 22 does not fail to claim patent eligible subject matter under Section 101. *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, et al., No. 20-891, June 7, 2022, Brief of the United States, tinyurl.com/55p4n2k2.

not dispute that the Court should resolve the previously filed summary judgment and *Daubert* motions related to the remanded claims, new briefing on these issues and completely new issues is unwarranted and unnecessary and should be rejected.

**First**, Neapco already briefed – on a full summary judgment record[2] – two of these additional issues: indefiniteness and non-infringement. Neapco, in fact, already briefed indefiniteness three times already (once during claim construction, once during summary judgment for claim 22–24, 26, 28, 31, 34–36, and once during summary judgment for the Remanded Claims), and briefed non-infringement two times already (once during summary judgment for claim 22–24, 26, 28, 31, 34–36, and once during summary judgment for the Remanded Claims). Neapco seeks a third and fourth bite at the apple for those issues through a redo of all summary judgment motions. This is not necessary or appropriate. Throwing out the entire summary judgment record and requiring an entire redo of the summary judgment process would also prejudice American Axle. Neapco self-servingly asserts there is no prejudice to American Axle if Neapco submits a complete redo of summary judgment briefing, but requiring American Axle to oppose summary judgment motions for the third or fourth time on new arguments and new issues that Neapco chose not to file before is highly prejudicial and a waste of the parties' and Court's time and resources.

As justification for expanding the scope of the remand, Neapco vaguely asserts that

---

[2] American Axle contends that further summary judgment briefing, regardless of scope, would not require reopening discovery, or the submission of evidence (other than anything in the appellate record) not already of record in the case, including additional expert reports and declarations. Neapco has informed American Axle that while it does not intend to seek to reopen discovery, it reserves its rights to seek additional discovery as necessary in view of the parties' summary judgment motions and any subsequent court ruling. Reopening discovery, particularly when Neapco already had a full opportunity to conduct discovery on all of the defenses it now wants to reargue, would further expand the case beyond the scope of the remand.

American Axle made arguments on appeal of the Court's decision regarding 35 U.S.C. § 101, and that those arguments somehow impact all of the additional defenses that Neapco wants to reargue. Neapco's assertions regarding the alleged arguments are vague and unsupported, do not render the entire record and prior briefing "stale" and are not good cause for rearguing issues that were already fully litigated and briefed.  There has also not been any change in the law that supports a redo of summary judgment.  Neapco's demand for a redo of all summary judgment briefing should be denied.

Neapco now claims it would be too difficult for the Court to "parse out" which Neapco arguments relate to the remanded claims.[3]  Neapco's Supplemental Summary Judgment Motion states that with respect to the "New Claims" (which are the same as the Remanded Claims from the Federal Circuit), Neapco moved for summary judgment on the following:

- Claims 1-6, 12, 13, and 19-21, of U.S. Patent No. 7,774,911 (the "'911 patent") (the "New Claims") are invalid for indefiniteness pursuant to 35 U.S.C. § 112;

- The New Claims fail to claim eligible subject matter pursuant to 35 U.S.C. § 101;

- The New Claims are not infringed, literally or under the doctrine of equivalents, by Defendants.

D.I. 207.  Thus, Neapco has set forth its bases for moving for summary judgment related to the Remanded Claims and the Court can decide the pending summary judgment and *Daubert* motions.

---

[3] Neapco originally contended that "the remanded claims received less attention" because they "were only the subject of 'supplemental' briefing," and that judicial economy somehow supports throwing out all of the work that has been previously done and starting over.  Neapco abandoned that argument in view of the fact that Neapco is the one that proposed the prior supplemental briefing.  D.I. 181 at 4 (Neapco proposed supplemental summary judgment briefing on the remanded claims).  The Court agreed with Neapco and adopted Neapco's proposal for supplemental briefing.  D.I. 182.

D.I. 209 & 212 (Neapco's Summary Judgment Memorandum and AAM's Opposition), D.I. 206 & 213 (AAM's Summary Judgment Memorandum and Neapco's Opposition); D.I. 157, 206, 208 (*Daubert* Motions).

Judicial efficiency also does not support Neapco's position. If anything, judicial efficiency and the goal stated by FED. R. CIV. P. 1 to "secure the just, speedy, and inexpensive determination of every action and proceeding," counsels against re-doing summary judgment. The parties already expended significant resources and time completing the summary judgment process. The parties' motions are ripe for the Court to decide. The most efficient path forward is for the Court to simply take up those already-briefed motions, and any new "abstract idea" motion that Neapco elects to file.

**Second**, with respect to the other two additional issues Neapco wants to brief, written description and enablement, Neapco specifically chose not to file a motion for summary judgement on those defenses, and all summary judgment issues raised by the parties were fully briefed and argued according to this Court's schedule. This is true even for the remanded claims, as the Court (per Neapco's request) permitted Neapco to "raise any new grounds for summary judgment related to the [remanded claims]" in its supplemental briefing. *See* D.I. 181; 182. Neapco argues that judicial economy now favors the Court hearing Neapco's new written description and enablement defenses, but it was Neapco that chose not to raise those defenses in the first place and, as described above, judicial economy weighs against (not for) expanding summary judgment briefing now. Without actually saying so or setting forth a proper basis, Neapco is seeking leave to file new additional summary judgment briefing in violation of the scheduling order and Federal Rules. *See e.g., Shopify Inc. v. Express Mobile, Inc.*, 19-cv-00439, D.I. 383 (denying request for new summary judgment briefing after the deadline for such motions had passed); *Dow Chem. Canada Inc. v.*

8

*HRD Corp.,* 287F.R.D. 268, 270 (D. Del. 2012) (denying request to modify case schedule due to failure to show good cause); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). Contrary to Neapco's assertion the issue here is not waiver, but rather that the deadline for raising additional summary judgment issues has long since passed, and Neapco has not shown good cause to raise a new issue for summary judgment.[4,5]

Neapco incorrectly asserts that the appeal and all of the decisions relate to 101 and 112. To the contrary, the only issue on appeal was Section 101 and whether the Court's decision improperly subsumed other sections, like sections 103 and 112, into the 101 analysis. The law on Section 112 has not changed; the only thing that has changed is Neapco's ever-shifting positions. Neapco has had numerous opportunities to argue enablement and written description and on at least three occasions failed or intentionally chose not to do so. Now Neapco asks the Court and American Axle to throw out all of Neapco's prior arguments and let it have another do over because it wants to change its arguments yet again.

---

[4] In support of its request for another bite at the apple on enablement and written description, Neapco cites to a statement from the dissenting judge at oral argument about invalidating claims under Section 101 as opposed to Section 112 or 103, and incorrectly concludes that the Federal Circuit judges suggested invalidating American Axle's claims under section 112. The issue of section 112 was not before the Federal Circuit on appeal, and the Court therefore never stated that American Axle's claims failed to satisfy section 112. The statement from the dissenting judge was made in the context of explaining why the panel's application of Section 101 was not correct. Thus, the Court's statements on section 112 do not expand the scope of the remand, and do not provide good cause for giving Neapco a redo on an issue it could have raised previously but chose not to.

[5] American Axle strongly disagrees with any assertion that the remanded claims are invalid under Section 112. So, too, does the United States: "The government disagrees with the premise that claim 22 likely fails under [Section 112] or any other Patent Act provision." *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, et al., No. 20-891, June 7, 2022, Brief of the United States at 21, tinyurl.com/55p4n2k2. Neapco's attempt to litigate this issue in a Joint Status Report through snippets of statements from an appeal that did not include Section 112 is improper and should be ignored.

9

Accordingly, it is American Axle's position that the Court should set pre-trial conference and trial dates, and that additional summary judgment briefing should be limited to the specific Section 101 issues that are the subject of the remand. American Axle proposes the following schedule for additional briefing of the specific Section 101 issue:

| Event | AAM's Proposal |
|---|---|
| Neapco opening brief limited to 15 pages | August 19, 2022 |
| American Axle response brief limited to 15 pages | September 16, 2022 |
| Neapco reply brief limited to 5 pages | September 30, 2022 |
| Hearing on summary judgment and *Daubert* motions | At Court's convenience |
| Pretrial Conference | On or after February 15, 2023 |
| Trial | On or after March 20, 2023 |

American Axle would further welcome the opportunity to meet and confer with Neapco to propose a schedule for the exchange and submission of other pre-trial materials.

**Defendant Neapco's position**:

The parties agree that additional summary judgment briefing is necessary to comply with the Federal Circuit's mandate on remand. The parties also agree that previously-presented summary judgment and *Daubert* motions that the Court denied as moot are now ripe for decision. Thus, as an initial matter, Neapco proposes the following case schedule that allows for additional briefing prior to pre-trial and trial activity:

| Event | AAM's Proposal | Neapco's Proposal |
|---|---|---|
| Summary judgment and *Daubert* motions and opening briefs[6] | August 19, 2022 | August 19, 2022 |

---

[6] Neapco proposes that the parties be limited to one forty-page opening brief, one forty-page answering brief, and one twenty-page reply brief for all of their summary judgment and *Daubert* motions.

| Summary judgment and *Daubert* response briefs | September 16, 2022 | September 16, 2022 |
|---|---|---|
| Summary judgment and *Daubert* reply briefs | September 30, 2022 | September 30, 2022 |
| Hearing on summary judgment and *Daubert* motions | At Court's convenience | At Court's convenience |
| Joint Proposed Final Pretrial Order, Jury Instructions, Voir Dire, and Special Verdict Forms | n/a | March 24, 2023 |
| Motions in Limine | n/a | On or after March 24, 2023 |
| Pretrial Conference | On or after February 15, 2023 | On or after April 21, 2023 |
| Trial | On or after March 20, 2023 | On or after May 22, 2023 |

The first four dates above align with the dates that American Axle proposed. American Axle did not propose dates for pre-trial submissions, but has no basis to disagree with those Neapco proposed. The only remaining difference is the timing of the pre-trial conference and trial. Neapco's proposal would leave enough time for the Court to consider and rule on the numerous issues before it for summary judgment, including the issues remanded for consideration from the Federal Circuit.

The only disputes between the parties are (i) the format in which the parties should present the summary judgment and *Daubert* briefs to the Court, and (ii) the scope of the issues before this Court on remand.

### 1. New Summary Judgment Briefing is Appropriate and Would be Beneficial for the Court

American Axle contends that the Court should attempt to wade through the myriad filings from 2017 and review a cold summary judgment hearing transcript in order to determine what issues remain at play and then to decide them. Neapco contends that the parties should present one complete, fresh set of summary judgment briefs for the Court to consider. Neapco's approach should be adopted for at least the following reasons.

*First*, going back to stale briefing would require the Court to parse out the arguments that

11

apply to the remanded claims from the claims affirmed as invalid by the Federal Circuit. This is all the more problematic given that the parties' prior *primary* briefs were directed to the set of claims already affirmed as invalid by the Federal Circuit. *See* D.I. 149, 155, 157, 159. The remanded claims were the subject of "supplemental" briefing because this Court previously held them invalid as indefinite, but then on reconsideration, decided that there remained a fact issue on indefiniteness. *See supra* at 2-3; *see also* D.I. 206-208. But the briefs were not wholly independent, with the supplemental briefing frequently cross-referencing the primary briefs. *See, e.g.*, D.I. 206, American Axle's Supplemental Brief, at 5, 6, 7, 8, 9, 10, etc. (repeatedly referencing the defined term "AAM's Prior Briefing" and citing to same, D.I. 156 and D.I. 186). Trying to make sense out of all that would be needlessly complicated for the Court. Thus, new briefing will force the parties to focus solely on the claims that remain at issue in this case in one clean set of briefs, aiding the Court in its consideration and resolution of what remains.

*Second*, new briefing will allow the parties to ascertain which issues remain at play post-appeal and which are not. Forcing the parties to focus and hone the issues will benefit the Court. It will also allow the arguments to account for the four+ years of appellate activity in this case, in which much was said about the scope and meaning of the claims. Also, it will allow the parties to update their legal cites and legal discussion with current, recent case law, including relevant intervening authority that may bear on the ultimate legal issues.

*Third,* there is little to no efficiency to going back to an old set of briefs and a prior hearing transcript, where, as here, the District Court Judge (Stark) who first considered those briefs is no longer the presiding judge in this case. Fresh summary judgment briefing provides the parties with an ideal vehicle to educate the Court on the patent and issues in this case.

*Fourth*, as a procedural matter, all the prior summary judgment motions and *Daubert*

motions were denied as moot. As a house-keeping matter, it would be easier for the Court if the parties were to submit a new set of motions.

*Finally*, there is no prejudice to American Axle. If American Axle wants to simply resubmit what it has already done, it can do that. Nor will there be any delay because, as American Axle concedes, this Court will be taking up the remand issue as a matter of law before any trial activity can begin. Thus, new briefing on the already-presented issues can take place on the same timeline.[7]

For its own benefit and for judicial efficiency purposes, the Court should order new briefing.

### 2. The Federal Circuit's Remand On Section 101 Necessarily Implicates Section 112 Written Description and Enablement Issues

In a clear attempt to avoid litigation on the underlying merits, American Axle uses this status report to argue waiver or preclusion about what it expects Neapco to raise in its remand briefing. Neapco contends that this is not the appropriate mechanism for such a dispute; if American Axle wants to raise a waiver argument, it should do so in an opposition to a specific motion.

To the extent the Court does choose to resolve this substantive issue through this status report, American Axle's position is without merit. It argues that Neapco should not be allowed to include written description and enablement in briefing to this Court because it is not within the scope of the Federal Circuit's remand. Although those statutory requirements are not explicitly called out by name, the remand decision substantively implicates them. On remand, Neapco again

---

[7] American Axle is in no position to claim that delay would somehow result in prejudice. It was American Axle who successfully moved to stay this case for 14 months pending its cert petition.

will argue, as it did originally here and on appeal, that the remaining claims recite a mere desired result without any means of achieving that result. Such claiming runs afoul of both Section 101 and Section 112. The same facts and arguments apply, and the Court should decide these issues together.

In its original summary judgment opinion, this Court held that the asserted claims "are not directed to any specific, discrete liner design but rather a solution to the problem . . . by applying physics." *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 309 F. Supp. 3d 218, 228 (D. Del. 2018). It noted: "Claims defining a desirable result and not limited to inventive means of achieving the result, fail under § 101," citing to *Electric Power Group, LLC v. Alstom S.A.*, 830 F.3d 1350, 1353-54 (Fed. Cir. 2016). *Id.* The Court concluded that the claims at issue merely recite "the desired result of attenuating certain vibration modes and frequencies," and "provide no particular means on how to craft the liner and propshaft in order to do so." *Id.* In other words, the claims simply recite "achiev[ing] an abstract solution to a problem." *Id.*

The Federal Circuit remanded claim 1 and its dependents because, unlike claim 22 and its dependents, the Court found it was not directed to a natural law. The Court agreed, however, that claim 22 "merely claims the achievement of results." *American Axle & Mfg., Inc. v. Neapco Holdings LLC*, 967 F.3d 1285, 1299 (Fed. Cir. 2020). It also observed that Claim 1 was actually broader than Claim 22, explaining: "Claim 1 is different from claim 22. While it is true that both claims require 'tuning,' claim 1 is more general." *Id.* It then stated:

> The district court's opinion suggests that the broader concept of tuning is an abstract idea, J.A. 16-17, and the same question may be raised about the broad concept of positioning. On appeal, Neapco relied on both the natural law and abstract idea categories of ineligibility in defending the district court's decision. *See, e.g.*, Neapco Resp. Br. 21, 24. But the abstract idea basis was not adequately presented and litigated in the district court. We think that it is appropriate to vacate the judgment as to claim 1 and its

14

> dependent claims and remand the case for the district court to address this alternative eligibility theory in the first instance.

*Id.* at 1300-1301.

The dissent, however, "criticize[d] [the majority's] analysis as improperly merging enablement and eligibility, arguing that the failure of the claims to designate how to achieve the desired result is exclusively an issue of enablement." *Id.* at 1302. The dissenting judge, during oral argument, also observed: "See my problem with this isn't that these claims are broad. They're broad, I grant you – they're broad. I don't love the kind of broad claiming that I see here. My problem with this is trying to fit it within the umbrella of 101 as opposed to letting you slap it down with 103 or 112." https://bit.ly/3dksQqB, beginning at 20:25.

On request for *en banc* rehearing, the full Federal Circuit turned its attention to this case. There, much of the dispute centered around whether the invalidity finding was based on the right patent statute (Section 101 or Section 112), not on whether the claims could truly survive an invalidity challenge. Indeed, as the Federal Circuit observed, the claims are invalid under a straightforward application of *O'Reilly v. Morse*, which stands for the proposition that a claim cannot recite a mere result without the means for achieving it. *See Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 966 F.3d 1347, 1348 (Fed. Cir. 2020) (Dyk, J., concurring in denial of rehearing en banc); at 1352-53 (Chen, J., concurring in denial of rehearing en banc). Indeed, the problem with the remanded claims, like the invalidated claims, is that "result-oriented claim drafting raises concerns under section 101 independent from section 112." *Id.* at 1356 (Chen, J., concurring in denial of rehearing en banc).

Other commentators agree this the type of result-oriented, functional-claiming at issue here is a Section 112 problem. "The claims of the patent in suit present a conventional problem of compliance with the statutory patentability requirements of §112[.]" *Am. Axle & Mfg., Inc. v.*

15

*Neapco Holdings LLC, et al.*, No. 20-891, March 1, 2021 Amicus Brief of Profs. J. Lefstin & P. Menell at 3, https://tinyurl.com/5x82s9an; *id.* (suggesting this case presents an "excellent vehicle for clarifying the interplay of § 101 and § 112 of the Patent Act"); *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC, et al.*, No. 20-891, March 1, 2021 Amicus Brief of J. Doerre, at 3, https://tinyurl.com/2xw4xwkc (arguing that claims that "merely claim the achievement of results" are invalid under Section 112, citing *O'Reilly v. Morse*).

Neapco submits that the remanded claims, which claim only a result without the means for achieving it, are invalid under *both* Section 101 and Section 112 as a matter of law. And Neapco believes as a matter of judicial efficiency that the Court should consider these issues together, and before trial as a matter of law. This Court's resolution of both issues will help frame the issue better for appeal, and may ultimately avoid years of additional appellate litigation over *which* statutory provision invalidates the remanded claims (not *if* the claims are invalid). *See id.* at 1363 (Stoll, J., dissenting from denial of rehearing en banc) (suggesting this case presents a good opportunity to analyze "where [the] eligibility analysis stops and enablement analysis begins"). Neapco respectfully submits that these issues should be brought to the Court's attention now, and not for the first time after a jury trial.

| | |
|---|---|
| July 8, 2022 | Respectfully Submitted, |
| */s/ Jeff Castellano* | */s/ Melanie K. Sharp* |
| Brian A. Biggs (DE Bar No. 5591) | Melanie K. Sharp (No. 2501) |
| Jeff Castellano (DE Bar No. 4837) | Robert M. Vrana (No. 5666) |
| **DLA Piper LLP (US)** | **YOUNG CONAWAY STARGATT & TAYLOR, LLP** |
| 1201 N. Market St. | 1000 North King Street |
| Suite 2100 | Wilmington, DE 19801 |
| Wilmington, DE 19801 | (302) 571-6681 |
| (302) 468-5671 | msharp@ycst.com |
| brian.biggs@us.dlapiper.com | rvrana@ycst.com |
| jeff.castellano@us.dlapiper.com | *Attorneys for Neapco Holdings LLC and Neapco Drivelines LLC* |
| *Attorneys for American Axle & Manufacturing, Inc.* | |
| | OF COUNSEL: |
| OF COUNSEL: | J. Michael Huget |
| | Sarah E. Waidelich |
| James R. Nuttall | **HONIGMAN LLP** |
| Katherine H. Johnson | 315 East Eisenhower Parkway, Suite 100 |
| John L. Abramic | Ann Arbor, MI 48108 |
| Robert F. Kappers | (734) 418-4200 |
| **STEPTOE & JOHNSON LLP** | |
| 115 South LaSalle Street, Suite 3100 | Dennis J. Abdelnour15 |
| Chicago, IL 60603 | **HONIGMAN LLP** |
| (312) 577-1300 | 155 North Wacker Drive, Suite 3100 |
| | Chicago, IL 60606 |
| Boyd Cloern | (312) 701-9322 |
| **STEPTOE & JOHNSON LLP** | |
| 1330 Connecticut Avenue, N.W. | |
| Washington, DC 20036 | |
| (202) 429-6407 | |

17