**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AMERICAN AXLE & MANUFACTURING, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEAPCO HOLDINGS LLC and NEAPCO DRIVELINES LLC, <br><br> Defendants. | C.A. No. 15-1168-GBW <br><br> **PUBLIC VERSION OF D.I. 313 FILED: JANUARY 5, 2024** |

<u>**JOINT PROPOSED FINAL PRETRIAL ORDER**</u>

     This matter comes before the Court for a final pretrial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure.

**Plaintiff's Counsel:**

James R. Nuttall
John L. Abramic
Katherine H. Tellez
Robert F. Kappers
STEPTOE & JOHNSON LLP
227 W. Monroe, Suite 4700
Chicago, IL 60606
(312) 577-1300

Boyd Cloern
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036
(202) 429-6407

Brian A. Biggs (DE Bar No. 5591)
Jeff Castellano (DE Bar No. 4837)
DLA PIPER LLP (US)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
brian.biggs@us.dlapiper.com
jeff.castellano@us.dlapiper.com

*Attorneys for Plaintiff American Axle &
Manufacturing, Inc.*

**Defendant's Counsel:**

J. Michael Huget
Sarah E. Waidelich
HONIGMAN LLP
315 East Eisenhower Parkway, Suite 100
Ann Arbor, Michigan 48108
(734) 418-4200
mhuget@honigman.com
swaidelich@honigman.com

Dennis J. Abdelnour
Jenna E. Saunders
HONIGMAN LLP
155 North Wacker Drive, Suite 3100
Chicago, Illinois 60606
(312) 701-9348
dabdelnour@honigman.com
jsaunders@honigman.com

Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Taylor Hallowell (No. 6815)
YOUNG CONAWAY STARGATT &
TAYLOR LLP
1000 North King Street
Wilmington, DE 19801
(302) 571-6681
msharp@ycst.com
jhiggins@ycst.com
thallowell@ycst.com

2

I.     **Nature of the Case**

This is a patent infringement action filed by Plaintiff American Axle & Manufacturing, Inc. ("American Axle") against Defendants Neapco Holdings LLC and Neapco Drivelines LLC (collectively "Neapco").  American Axle alleges that Neapco infringes one or more claims of U.S. Patent No. 7,774,911 ("the '911 patent").  Neapco contends that the asserted claims are not infringed and are invalid.  American Axle contends that the asserted claims are not invalid.

American Axle filed suit on December 18, 2015, and its Complaint filed on that day is its operative pleading.  Neapco answered the complaint on February 12, 2016, and that document is its operative pleading.

American Axle is currently asserting independent claim 1 and dependent claims 2–6, 12, 13, and 19–21 of the '911 patent ("the asserted claims") against Neapco.  American Axle will show at trial that Neapco has infringed and continues to infringe the asserted claims of the '911 patent. American Axle seeks and will show damages to compensate for Neapco's infringement in the form of American Axle's lost profits, or, alternatively, a reasonable royalty, as well as interest and costs in accordance with 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285.  American Axle also seeks a permanent injunction.

Neapco will show at trial that American Axle has not met its burden to show infringement of any asserted claim.  Neapco will also demonstrate at trial that the asserted claims are invalid under 35 U.S.C. §§ 102, 103, and/or 112.[1]  Neapco will further show, assuming a valid and infringed claim, an appropriate measure of damages in the form of a reasonable royalty.  Neapco

---

[1] Neapco also contends that the asserted claims lack patent-eligible subject matter and are therefore invalid under 35 U.S.C. § 101.  The Court granted summary judgment on that issue in favor of American Axle; Neapco notes its position here for purposes of preserving the record for appeal.

also seeks attorneys' fees pursuant to 35 U.S.C. § 285 and costs under Federal Rule of Civil Procedure 54 and Local Rule 54.1.

The parties initially filed motions for summary judgment in 2017. (*See* D.I. 149, 155, 159, 206, 207.) On February 27, 2018, Judge Stark issued an order granting Neapco's motion for summary judgment that all asserted claims are ineligible for patenting under Section 101. (*See* D.I. 219-220.) AAM appealed to the Federal Circuit. (*See* D.I. 225.) The panel originally affirmed in full. *See* D.I. 229, 229-1, *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 939 F.3d 1355 (Fed. Cir. 2019). AAM then petitioned for both panel rehearing and rehearing *en banc*. (*See* D.I. 230, 231.) The Federal Circuit denied AAM's petition for rehearing *en banc*. *See* D.I. 231, *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 966 F.3d 1347 (Fed. Cir. 2020) (denial of *en banc* petition). The Federal Circuit granted AAM's petition for panel rehearing, vacated its earlier ruling, and issued a modified opinion.  D.I. 230 (Order on AAM's petition for panel rehearing); D.I. 232 (modified judgment); D.I. 232-1, *Am. Axle*, 967 F.3d 1285 (Fed. Cir. 2020) (modified opinion). The modified opinion affirmed the invalidity judgment as to claims 22 and 36 and their dependents, holding those claims invalid under Section 101. *See* D.I. 232-1, *Am. Axle*, 967 F.3d at 1293-1300. However, for claim 1 and its dependents, the modified opinion vacated and remanded to this Court to decide in the first instance whether those claims are invalid under Section 101. *See id.* at 1300-01.

AAM filed a petition for certiorari to the United States Supreme Court, which Neapco opposed. *See* Brief for Petitioner, *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 142 S. Ct. 2902 (2022) (No. 20-891); Brief in Opposition by Neapco Holdings LLC and Neapco Drivelines LLC, *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 142 S. Ct. 2902 (2022) (No. 20-891). (*See* D.I. 243-244.) This Court stayed the remand proceedings pending resolution of AAM's petition for

certiorari. (D.I. 245.) On June 30, 2022, the Supreme Court denied AAM's petition and the case returned to this Court. *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 142 S. Ct. 2902 (2022).

On September 9, 2022, Neapco moved for summary judgment of invalidity under Section 101 and non-infringement of the asserted claims. (D.I. 255.) Also, on September 9, 2022, American Axle moved for summary judgment of no invalidity under Sections 101 and 102. (D.I. 260.) On July 19, 2023, the Court ruled on the parties' respective motions.  The Court denied Neapco's motion.  (D.I. 304.)  The Court granted American Axle's motion as to no invalidity under 35 U.S.C. § 101 and no anticipation as to the Laskey reference. (*Id*.)  The Court denied American Axle's Motion for Summary Judgment of No Anticipation as to the 2003 Econoline Propshaft. (*Id*.)

The Court has scheduled a pretrial conference for January 11, 2024.  Trial is scheduled to begin on January 23, 2024.

## II.    Jurisdiction

This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.  American Axle seeks damages and injunctive relief in this action. This Court's jurisdiction over the parties and over the subject matter of this action is not disputed and is based on 28 U.S.C. §§ 1331 and 1338(a).

## III.   Facts

### A.    Uncontested Facts

Attached as **Exhibit 1** is a list of facts that are not disputed or have been agreed to by the parties.  Any party, with prior notice to all other parties, may read any or all of the uncontested facts to the jury or Court as agreed by the parties or allowed by the Court, and will be charged for the time used to do so.

### B.      Contested Facts

Attached as **Exhibit 2** is a list of issues of fact that American Axle contends remain to be litigated.  Attached as **Exhibit 3** is a list of issues of fact that Neapco contends remain to be litigated.  The parties reserve the right to modify or supplement their list of issues of fact that remain to be litigated to the extent necessary to fairly reflect the Court's rulings on any motions, subsequent order of the Court, or agreement of the parties.

## IV.   Issues of Law

Attached as **Exhibit 4** is a list of issues of law that American Axle contends remain to be litigated.  Attached as **Exhibit 5** is a list of issues of law that Neapco contends remain to be litigated.  The parties reserve the right to modify or supplement their list of issues of law that remain to be litigated to the extent necessary to fairly reflect the Court's rulings on any motions, subsequent order of the Court, or agreement of the parties.

## V.    Witnesses

The parties agree that fact witnesses should be prevented from hearing the testimony of other witnesses pursuant to Federal Rule of Evidence 615. Fact witnesses should be sequestered and may not be present in the courtroom during other witness testimony or review of the transcripts of the trial testimony of other witnesses until after they provide their live testimony and have been excused. Expert witnesses need not be sequestered and may be present in the courtroom during trial and/or review transcripts of trial testimony. The parties shall identify by email to opposing counsel a corporate representative no less than two (2) business days before the first day of the currently scheduled trial, i.e., by Friday, January 19, 2024. This corporate representative may be present in the courtroom during other witness testimony for the entire duration of the trial.

The parties agree that unless the Court orders otherwise, the order of the presentation of evidence will follow the burden of proof. American Axle shall present its case first on the issues of infringement and damages. Neapco may then present its response on infringement and damages and its case-in-chief on validity. American Axle may then present its rebuttal on infringement and damages and response on validity. Neapco may then present its rebuttal on validity.

Except as set forth herein, no fact or expert witness called by a party shall be permitted to testify in its case-in-chief or responsive case at trial if not identified in this Order, unless the Court determines that good cause exists and that in the interests of justice such witness should be called. The parties agree that (1) all witnesses, including potential rebuttal witnesses, should be identified in this Order; and (2) the listing of a witness on a party's witness list or inclusion of witnesses' deposition testimony on a party's list of deposition designations does not require the party to call that witness to testify live or by designation, and does not imply or establish the listed party has the power to compel the live testimony of that witness or make that witness available to the opposing party.

Prior to the start of the direct examination or cross-examination of any live fact or expert witness, the parties agree to provide the other with two copies of witness binders that contain all of the exhibits expected to be used on direct or cross-examination of that witness. The parties will also provide the Court with two (2) courtesy copies of any witness binders.

For those witnesses whose deposition testimony will be played or read to the jury, the parties shall be permitted to make transition statements to introduce the witnesses and their role in the litigation. Counsel will not be permitted to argue or comment on the evidence during transition statements. Transition statements will count against the time of the party offering the testimony.

Any trial exhibit that was produced in discovery by a party and that on its face appears to have been authored by an employee, officer, or agent of the party producing such document, shall be deemed a true and correct copy of a document maintained in that party's files as of the date of the party's document collection under Federal Rule of Evidence 901.

## A.      Witnesses American Axle Expects to or May Call

American Axle reserves the right to supplement, amend or modify this witness list prior to or during trial based on case developments, in light of any order regarding the scope of the trial, and/or in light of any information submitted by Neapco as part of its pretrial filings/submissions or otherwise. American Axle also reserves the right to call any witness that appears on Neapco's witness list without waiving any objections to the admissibility of testimony offered by Neapco. American Axle reserves all rights to call the witnesses by deposition as identified in its deposition designations or counter-designations. American Axle reserves the right to call any other witnesses as necessary for impeachment and/or rebuttal. If Neapco challenges the authenticity of any documents, articles or things presented by American Axle at trial, American Axle reserves the right to call additional witnesses as may be required solely for document authentication or foundation. American Axle also reserves the right to substitute witnesses should one of the individuals listed in the disclosure not be available at the time of trial. American Axle's representatives, employees, former employees, agents and witnesses and/or any individual represented by Steptoe & Johnson LLP ("Steptoe") should be contacted through Steptoe.

Subject to, and without waiving the foregoing rights and objections, at this time American Axle identifies the following list of trial witnesses it expects to call or may call:

| Witness Name | Will Call Live | Will Call by Deposition | May Call Live | May Call by Deposition |
|---|---|---|---|---|
| Chris Rahn (Expert) | X | | | |

| Witness Name | Will Call Live | Will Call by Deposition | May Call Live | May Call by Deposition |
|---|---|---|---|---|
| John Hansen (Expert) | X | | | |
| Eduardo Jonas | X | | | |
| Mike Voight | | | X | |
| Glen Steyer | | | X | |
| Zhaohui Sun | X | | | |
| Brian Mahnken | | X | | |
| Gary Rogers | | X | | |
| Paul Roman | | X | | |
| Robert Wehner | | X | | |
| Niladri Das | | | | X |
| Gary Parker | | | | X |
| Arvind Srinivasan | | | | X |
| Scott Avery | | | X | |

American Axle identifies Dr. Christopher Rahn as a technical expert witness.  Dr. Rahn will testify as to both infringement and validity and is an expert with respect to noise and vibration control technologies and testing and measurement of damping, vibration modes, natural frequencies, and tuned vibration absorbers.  American Axle identifies John Hansen as an expert witness with respect to damages.  Mr. Hansen will testify as to damages and is an expert with respect to intellectual property damages in the automotive industry.

### B.     Witnesses Neapco Expects to or May Call

Neapco reserves the right to supplement, amend or modify this witness list prior to or during trial based on case developments, in light of any order regarding the scope of the trial, and/or in light of any information submitted by American Axle as part of its pretrial filings/submissions or otherwise. Neapco also reserves the right to call any witness that appears on American Axle's witness list without waiving any objections to the admissibility of testimony offered by American Axle. Neapco reserves all rights to call the witnesses by deposition as identified in its deposition designations or counter-designations. Neapco reserves the right to call

any other witnesses as necessary for impeachment and/or rebuttal. If American Axle challenges the authenticity of any documents, articles or things presented by Neapco at trial, Neapco reserves the right to call additional witnesses as may be required solely for document authentication or foundation. Neapco also reserves the right to substitute witnesses should one of the individuals listed in the disclosure not be available at the time of trial. Neapco's representatives, employees, former employees, agents and witnesses and/or any individual represented by Honigman LLP ("Honigman") should be contacted through Honigman.

Subject to, and without waiving the foregoing rights and objections, at this time Neapco identifies the following list of trial witnesses it expects to call or may call:

| Witness Name | Will Call Live | Will Call by Deposition | May Call Live | May Call by Deposition |
|---|---|---|---|---|
| Steve Becker (Expert) | X | | | |
| Michael Chase (Expert) | X | | | |
| Eduardo Jonas | | | | X |
| Mike Voight | | | | X |
| Glen Steyer | | | | X |
| Zhaohui Sun | | | | X |
| Brian Mahnken | | | | X |
| Gary Rogers | | | X | |
| Paul Roman | | X | | |
| Robert Wehner | X | | | |
| Niladri Das | | | X | |
| Arvind Srinivasan | | | X | |
| Scott Avery | | X | | |

Neapco identifies Steven Becker as a technical expert witness. Mr. Becker will testify as to both infringement, non-infringing alternatives, and validity and is an expert with respect to noise and vibration control technologies and testing and measurement of damping, vibration modes, natural frequencies, and tuned vibration absorbers for automotive components, including

propshafts.  Neapco further identifies Michael Chase as an expert witness with respect to damages. Mr. Chase will testify as to damages and is an expert with respect to intellectual property damages in the automotive industry.

### C.    Witness Disclosure Procedures

The parties shall provide a list identifying the specific witnesses that they intend to call for direct examination, either live or by designation, and the order in which they will be called, by 7:00 p.m. (all times are Eastern time) two (2) calendar days before they intend to call those witnesses at trial. (For example, if a party intends to call a witness on Wednesday, that party shall disclose that witness's name to the opposing party no later than 7:00 p.m. on Monday.)

The listing of a witness on a party's witness list or inclusion of witness's deposition testimony on a party's list of designations does not require the party to call that witness to testify live or by designation, and does not imply or establish the listed party has the power to compel the live or deposition testimony of that witness or make that witness available to the opposing party.

### D.    Testimony by Designation

Attached as **Exhibits 6 and 7** are American Axle's and Neapco's designations, respectively, for those witnesses they expect to call or may call by deposition designation and each party's objections and counter-designations thereto.  **Exhibits 6 and 7** contain the maximum universe of designations, counter-designations, and objections to admission of deposition testimony, subject to further rulings by the Court.  **Exhibits 6 and 7** shall not be supplemented without approval of all parties or leave of the Court, on good cause shown, although the parties anticipate making further cuts during their rolling disclosures for trial and specifically reserve the right to rely on each other's designations during the process of those exchanges.

11

Designations and counter-designations will be read or played in chronological order. However, the party offering testimony by deposition may elect to introduce less than all of the testimony it designated in connection with this Pretrial Order, and the opposing party may elect to introduce less than all of the testimony it counter-designated with this Pretrial Order.  Should the party offering testimony by deposition elect to not introduce testimony it designated in connection with this Pretrial Order, the opposing party may elect to introduce, as a counter-designation to the elected testimony, the unelected testimony of the offering party or any testimony that the opposing party counter-designated to the unelected testimony.

Each party will identify specific excerpts of prior testimony that it intends to introduce by 7:00 p.m. three (3) calendar days before the start of the trial day on which that witness's testimony will be offered. (For example, witnesses to be called by designation on Wednesday must be disclosed by 7:00 p.m. the preceding Sunday, along with their proposed testimony.) The other side must identify any objections to the designated testimony and any counter designations no later than 7:00 p.m. two (2) calendar days before the start of the trial day on which that witness's testimony will be offered. Unless otherwise agreed to by the parties, the party introducing the testimony shall provide any counter-counter designations and objections to counter designations by 8:00 p.m. that night.  The parties shall meet and confer as to any objections no later than 9:00 p.m. that night. The party introducing the deposition testimony shall thereafter prepare the video and clip report no later than 7:00 p.m. the night before the testimony is to be played.  The opposing party shall review and notify the introducing party of any issues with the video by 8:00 p.m. that night and the parties shall meet and confer at 9:00 p.m. regarding any unresolved issues.  If good-faith efforts to resolve any objections fail, the parties shall raise their dispute with the Court in accordance with the provisions of Section VIII below.

All irrelevant and redundant materials, including colloquy between counsel and objections, will be eliminated when the designations are read or played at trial.

When a witness is called to testify by designation at trial, the party calling the witness shall provide the Court with two copies of the transcript of the complete set of designations and counter-designations that will be read or played. The parties will be charged for all time that elapses from the time the witness is called until the next witness is called. The parties will be charged for time according to the following proportions, barring any recesses or other time the Court is not in session: the party offering the witness's testimony will be charged with the time needed to read or play the testimony, except that the time required to play the other party's counter-designations will be charged to that other party.

### E.  Objections to Expert Testimony

The parties agree that the scope of expert testimony is limited to the disclosures within each respective expert's reports. The parties request that, to the extent not raised in either party's motions *in limine*, the Court rule at trial on objections to expert testimony as beyond the scope of prior expert reports. The time taken to argue and decide such objections in the presence of the jury will be charged to the losing party.

## VI.  Exhibits

### A.  Exhibit Lists

Attached as **Exhibit 8** is a list of exhibits that American Axle intends to offer at trial. Attached as **Exhibit 9** is a list of exhibits that Neapco intends to offer at trial. The joint list of exhibits that the parties intend to offer at trial is attached as **Exhibit 12**.

This Order contains the parties' good-faith efforts to identify the universe of exhibits to be used at trial by any party (whether in its case-in-chief, in its response to the other party's case-in-

chief, or on rebuttal).  Additions to the exhibit lists should be small in number and made in good faith only where the parties agree or good cause is shown with approval of the Court.  Such additions will be made by January 10, 2024, at the latest, after which date no supplementation to the exhibit lists will be allowed.  Exhibits to be used only for impeachment or rehabilitation do not need to be included on a party's exhibit list.

Unless agreed to otherwise, each party will provide to the other party a written list of exhibits, by number and witness(es) for whom the exhibits will be used, that it intends to use on direct examination in Court, by 7:00 p.m. two (2) calendar days before the trial day on which the exhibits are intended to be used and the witnesses (whether live or by deposition) are intended to be called. The other party shall identify any objections to exhibits by 9:00 p.m. two (2) calendar day before the trial day on which the exhibits are intended to be used and the witnesses are intended to be called. The parties will meet and confer regarding any objections by 10:00 p.m. that evening and will present any unresolved issues to the Court the following morning (i.e., 1 day before their use) in accordance with the dispute resolution procedures in Section VIII. If any of the exhibits change after the deadline, the party intending to use the exhibit will promptly notify the opposing party of the change(s).  The parties also agree to provide opposing counsel with two sets of all exhibits to be used in each fact and expert witness direct and/or cross examination at the time of that examination. Two sets of all exhibits to be used in each fact and expert witness direct and/or cross examination will also be provided to the Court.

Absent a stipulation between the parties, no exhibit will be admitted unless offered into evidence through a witness (either live if the witness is live or during a deposition of the witness if being offered by a deposition). At some point during or immediately after, or at some other time directed by the Court and/or otherwise agreed to by the parties, any party that has used an exhibit

with the witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence, by exhibit number. Should a party inadvertently fail to move such an exhibit into evidence at the close of the witness's testimony, the parties agree that such exhibits may be moved into evidence, subject to objection, at any point before the close of evidence at trial.

Exhibits may not be published, displayed or otherwise shown to the jury until after they have been admitted into evidence, except for purposes of impeachment. Impeachment evidence must be treated as described in Section V(E), above. Once admitted, counsel may publish exhibits to the jury without requesting to do so.

On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party. Plaintiffs will deliver to the Courtroom Deputy a completed AO Form 187 identifying the parties' joint exhibits.

The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

A party may replace poor print or digital quality copies of exhibits with improved or higher print or digital quality copies. Any replacement copies must be provided to the other party no later than the day prior to use.

Any party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were on its own exhibit list, subject to all evidentiary objections. Any exhibit, once admitted at trial, may be used equally by either party for any proper purpose in accordance with the Federal Rules of Evidence. The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to enter the document into evidence. If a party attempts to

introduce an exhibit listed on the other party's exhibit list, the listing party reserves the right to object to such introduction.

Any documents or prior sworn testimony or portion thereof, not specifically identified herein or offered into evidence, may still be used at trial for purposes of cross-examination, impeachment, or rehabilitation, if otherwise competent for such purposes, absent any order to the contrary (e.g. materials the Court has struck from the case).

None of the foregoing stipulations shall serve as a waiver of any other objections a party may have to any trial exhibits, or abrogate the requirement that the party offering an exhibit into evidence satisfy any other rules governing the admissibility of evidence set forth in the Federal Rules of Evidence, the Federal Rules of Civil Procedure, this Court's Local Rules, the Court's practices, or any other applicable rule or regulation. The parties agree to meet and confer in good faith to resolve objections to trial exhibits prior to their introduction at trial.

B.      **Demonstrative Exhibits**

Unless agreed to otherwise, each party will exchange demonstratives to be used in opening statements by 8 p.m. two (2) calendar days before opening statements.  In addition, exhibits to be referenced during opening statements shall be identified to the other party at the same time. The parties will provide any objections to such demonstratives or exhibits by 12 noon on the day before opening statements.  The parties will meet and confer on those objections by 5:00 p.m. the night before their intended use.   For closing arguments, any admitted exhibit or testimony may be used without notice to the other party.

Unless agreed to otherwise, each party will provide to the other party demonstrative exhibits to be used in connection with direct examination by 7:00 p.m. one (1) calendar days before the trial day on which the demonstratives are intended to be used. The other party shall identify

any objections to the demonstratives by 9:00 p.m. one (1) calendar day before the trial day on which the demonstratives are intended to be used (i.e., the same evening).  The parties will meet and confer on those objections by 10:00 p.m. the night before their intended use and will present any unresolved issues to the Court the following morning in accordance with the dispute resolution procedures in Section VIII.

If any of the demonstratives change after the deadline, the party intending to use the demonstrative will promptly notify the opposing party of the change(s).

The party seeking to use a demonstrative will provide a color copy of the demonstrative to the other side in PDF form, including variations of any demonstrative a party intends to use. Subject to the exceptions below, only variations of demonstratives that were actually disclosed may be used with a witness at trial. For video or animations, the party seeking to use the demonstrative will provide it to the other side on a DVD, CD, or by FTP site in the same form in which it will be used at trial. For irregularly sized exhibits, the party seeking to use the demonstrative will provide a PDF of 8.5 x 11 and not the actual dimensions of the irregularly sized exhibit.  For physical exhibits, the party seeking to use the demonstrative will disclose a color image of the physical exhibit and a description.

This agreement does not apply to demonstratives drawn or created by a witness or counsel during the course of direct testimony or demonstratives to be used for cross-examination, neither of which need to be provided to the other side in advance of their use. In addition, blowups, highlights, and/or ballooning of admitted exhibits or parts of admitted exhibits or testimony are not required to be provided to the other side in advance of their use provided that the exhibit itself has been disclosed.

A party may make reasonable, non-substantive edits or corrections of typographical and similar errors to demonstratives prior to use without notice to the other party. Demonstratives exchanged in accordance with the above paragraph will not be used by the opposing party prior to being used by the disclosing party.

## VII.   Damages

At trial, American Axle will seek damages in the form of lost profits or, alternatively, a reasonable royalty pursuant to 35 U.S.C. § 284 and as set forth in its expert's report, as compensation for Neapco's past infringement of the '911 patent.  American Axle also intends to seek, *inter alia*, pre-judgment interest and post-judgment interest, an award of attorneys' fees pursuant to 35 U.S.C. § 285, and interests, costs and disbursements as justified under 35 U.S.C. § 284 and/or Federal Rule of Civil Procedure 54 and Local Rule 54.1.

Neapco will argue that American Axle is not entitled to recover lost profits, and will contest American Axle's measure of a reasonable royalty. Neapco will also seek an award of attorneys' fees pursuant to 35 U.S.C. § 285, and costs under Federal Rule of Civil Procedure 54 and Local Rule 54.1.

## VIII.   Dispute Resolution

If good-faith efforts to resolve any objections fail, the parties shall bring such objections to the Court's attention through a joint email from Delaware counsel to gbw_civil@ded.uscourts.gov by no later than 6:00 a.m. on the day the evidence is to be presented. The parties shall follow Judge Williams' Trial Procedures (https://www.ded.uscourts.gov/sites/ded/files/Judge%20Williams%E2%80%99%20Trial%20Pro cedures.pdf) ("Trial Procedures") regarding the form of submission for objections. The parties shall attach to the email digital copies of all relevant demonstratives, exhibits and deposition

designations with the disputed passages highlighted. By 8:15 a.m., the parties shall provide the Court with two (2) courtesy copies of the objections and relevant demonstratives, exhibits and deposition designations. The parties shall leave the courtesy copies on the podium in the courtroom. Subject to the Court's availability and preference, the parties' objections shall be addressed from 9:00 a.m. to 9:30 a.m., after 5:30 p.m., or during the morning, lunch, or afternoon breaks.

Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of a demonstrative, an exhibit, or the deposition designation or waiver of objection to the demonstrative, exhibit, or deposition designation.

## IX. Motions *in Limine*

The briefing for American Axle's motions *in limine* is attached hereto as **Exhibit 10**. American Axle's motions seek to exclude all evidence and argument relating to the following matters:

1. Prior proceedings in this matter, including namely briefing and orders of the district court, Federal Circuit, and Supreme Court on patent eligibility under 35 U.S.C. § 101.

2. Neapco's undisclosed invalidity theory: "the remaining claims recite a mere desired result without any means of achieving that result" and, therefore, are invalid under 35 U.S.C. 112 for lack of enablement and written description (D.I. 251 at 13-14).

3. Opinion testimony of Neapco's fact witnesses on the issue of infringement.

The briefing for Neapco's motions *in limine* is attached hereto as Exhibit 11.  Neapco's motions include:

1. No evidence or argument regarding doctrine of equivalents issues that AAM did not previously disclose.

2. No evidence or argument referencing ███████████████████
███████████████

3.      No evidence or argument suggesting that the jury can find infringement based on the product or apparatus, regardless of the method of manufacture.

In addition to the disputed motions *in limine* above, the parties have met and conferred and stipulate to the following:

1.      American Axle will not reference Neapco's ownership by Chinese entity Wanxiang; and

2.      Neapco will not reference its currently-pending patent infringement suit against American Axle in the Eastern District of Michigan, No. 23-cv-12470.  Neapco reserves the right to reference its own innovations and patents generally, and reserves the right to respond if AAM opens the door concerning this case. AAM does not stipulate that Neapco may reference its own innovations and patents generally, and may object to any such evidence or argument at the appropriate time.

## X.      Discovery

Each party has completed discovery.

## XI.      Number of Jurors

There shall be eight jurors.  The Court will conduct jury selection through the "struck juror" method, beginning with the Clerk placing the panel under oath, followed by the Court reading voir dire to the jury panel in the courtroom, continuing by meeting with potential jurors individually in chambers or at sidebar and there addressing any challenges for cause, and concluding with peremptory strikes. To the extent any jury panel member has failed to provide the basic information requested in the jury form, either party may request that information during the voir dire process.

## XII.      Length of Trial

The trial will be timed.  Witness examination shall be limited to direct examination, cross-examination, and redirect examination.  Time will be charged to a party for its opening statement, direct and redirect examinations of witnesses it calls, cross-examination of witnesses called by the other party, and closing argument.  Time will not be charged to any party for jury selection, jury

charge, argument on any motions for judgment as a matter of law, argument on objections a party raises (outside the presence of the jury) to another party's exhibits and demonstrative exhibits, and jury deliberations.

The Courtroom Deputy will keep a running total of trial time used by counsel.  If any party uses all of its allotted trial time, the Court may terminate that party's trial presentation.

Subject to the parameters in this section and considering the Court's procedures for counting time, and considering the nature and extent of the parties' disputes, the parties jointly request 16 hours (8 hours for each side) for trial presentation.

## XIII.   Motions for Judgment As A Matter Of Law

The parties shall preserve motions for judgment as a matter of law ("JMOL") by simply so stating immediately following each party resting its respective case.  The parties will make more complete argument in support of JMOL orally or by written submission out of the presence of the jurors at the earliest opportunity allowed by the Court following each party resting its respective case. The Court can then decide, based on the motions, whether to entertain argument or further briefing. The parties also agree that any renewed JMOL motions will be addressed in connection with the schedule for post-trial briefing to be set by the Court.

## XIV.   Amendments to Pleadings

The parties do not presently expect any amendments to the pleadings, subject to the Court's rulings on pending motions or otherwise.

## XV.   Additional Matters

### A.   Witness List Objections

American Axle's objections to Neapco's witness list are attached hereto as **Exhibit 13**.

Neapco's objections to American Axle's witness list are attached hereto as **Exhibit 14**.

### B.      Setup of Electronic and Computer Devices

The parties request that the Court grant access to the Courtroom two business days before trial begins (e.g., January 19, 2024) for the purpose of setting up computer and electronic devices. To the extent that both parties are utilizing common equipment in the Courtroom, the parties will share the cost of that equipment.

### C.      Federal Judicial Center Introduction to the Patent System Video

The parties stipulate that the Federal Judicial Center video will be played as part of the Court's preliminary jury instructions.

### D.      Court Reporter

At least three (3) business days before the start of trial, the parties shall email the court reporter and chambers a glossary of terms and names, a list of possible witnesses who may appear at trial, and a list of phonetic pronunciation of attorneys' and witnesses' names.

## XVI.  Settlement

The parties have in good faith explored resolution of this controversy by settlement but no agreement has been reached.

**IT IS HEREBY ORDERED** that this Joint Final Pretrial Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

Dated: _____, 2023

                                                      _____
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM AND
SUBSTANCE

*Jeff Castellano*
ATTORNEY FOR PLAINTIFF

*Melanie K. Sharp*
ATTORNEY FOR DEFENDANTS