IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN AXLE & MANUFACTURING, INC.,<br><br>                    Plaintiff,<br><br>       v.<br><br>NEAPCO HOLDINGS LLC and NEAPCO DRIVELINES LLC,<br><br>                    Defendants. | C.A. No. 15-1168-GBW |

## **EXHIBIT 3 – DEFENDANTS' STATEMENT OF CONTESTED FACTS**

Neapco identifies the below listed issues of fact for trial. To the extent that any issues of law set forth in Exhibit 5 of the Joint Pretrial Order (*i.e.*, Defendants' Issues of Law) may be considered issues of fact, Neapco incorporates those portions of Exhibit 5 by reference. Should the Court determine that any issue identified in this Exhibit as an issue of fact is appropriately considered an issue of law, Neapco incorporates such issues by reference into its statement of issues of law. By including a fact herein, Neapco does not assume the burden of proof or production with regard to that fact. For example, with respect to American Axle's allegations that the '911 patent is infringed, American Axle bears the burden of proof. Neapco bears no burden of production or proof unless or until American Axle meets its burden of establishing a *prima facie* case of infringement. If American Axle is unable to meet its burden, Neapco would have no need to present rebuttal evidence showing that the '911 patent is not infringed.

Neapco's identification of issues of fact that remain to be litigated is based in part on its understanding of American Axle's arguments regarding its infringement and damages allegations, which are based on American Axle's interrogatory responses, contentions, and expert reports. Neapco believes that any claims American Axle did not raise in its contentions,

1

expert reports, or in its responses to interrogatories have been waived, and Neapco does not address any such claims. Neapco reserves the right to address additional issues not set forth herein to the extent they are raised by American Axle at trial. These issues of fact may change based on the Court's decisions on various motions.

**Infringement**:

1. Whether American Axle has proven by a preponderance of the evidence that Neapco manufactures the accused 4.5" diameter propshafts (GM Part Numbers 23214716, 23464082, 84059642, 84059645, 84148488, 84369124, 84369126, 84946091, 85109713, and 85518585) using a method that directly and literally infringes each and every limitation of claims 1-6, 12, 13, and 19-21 ("Asserted Claims") of U.S. Patent No. 7,774,911 ("'911 patent")).

2. Whether American Axle has proven by a preponderance of the evidence that Neapco manufactures the accused 5.0" diameter propshafts (GM Part Numbers 84059646, 84369125, 84946090, 85109712, and 94769073) using a method that directly and literally infringes each and every limitation of claims 1-2 of the '911 patent.

3. Whether American Axle has proven by a preponderance of the evidence that Neapco manufactures the accused 5.775" diameter propshafts having GM Part Numbers 84059643, 23225169, 84148489, 84059644, 23253781, 85518586, 84369127, 84946093, 85109714, and 94769072 using a method that directly and literally infringes each and every limitation of the claims 1-3, 5, 6, 12, 13, 19-21 of the '911 patent.

4. Whether American Axle has proven by a preponderance of the evidence that Neapco manufactures the accused 5.775" diameter propshafts having GM Part Number 85518584, 84946086, 84369122, and 23377650, using a method that directly and literally infringes each and every limitation of claims 1-2 of the '911 patent.

5. For each and every claim limitation for which American Axle does not prove literal infringement and for which American Axle is permitted to argue doctrine of equivalents, whether American Axle has proven by a preponderance of the evidence that Neapco manufactures the accused 4.5" diameter propshafts using a method that infringes such limitation(s) of the Asserted Claims under the doctrine of equivalents.

6. For each and every claim limitation for which American Axle does not prove literal infringement and for which American Axle is permitted to argue doctrine of equivalents, whether American Axle has proven by a preponderance of the evidence that Neapco manufactures the accused 5.0" diameter propshafts using a method that infringes such limitation(s) of claims 1-2 of the '911 patent under the doctrine of equivalents.

7. For each and every claim limitation for which American Axle does not prove literal infringement and for which American Axle is permitted to argue doctrine of equivalents, whether American Axle has proven by a preponderance of the evidence that Neapco manufactures the accused 5.775" diameter propshafts having GM Part Numbers 84059643, 23225169, 84148489, 84059644, 23253781, 85518586, 84369127, 84946093, 85109714, and 94769072, using a method that infringes such limitation(s) of claims 1-3, 5, 6, 12, 13, 19-21 of the '911 patent under the doctrine of equivalents.

8. For each and every claim limitation for which American Axle does not prove literal infringement and for which American Axle is permitted to argue doctrine of equivalents, whether American Axle has proven by a preponderance of the evidence that Neapco manufactures the accused 5.775" diameter propshafts having GM Part Numbers 85518584, 84946086, 84369122, and 23377650, using a method that infringes such limitation(s) of claims 1-2 of the '911 patent under the doctrine of equivalents.

**Remedies for Defendants' Alleged Infringement**:

9. To the extent that the jury finds at least one of the Asserted Claims of the '911 patent is valid and infringed by the accused 4.5" diameter propshafts, whether American Axle has proven by a preponderance of evidence that it is entitled to lost profits as compensation for Neapco's alleged infringement of the '911 patent for the 4.5" diameter propshafts.

10. To the extent that the jury finds at least one of the Asserted Claims of the '911 patent is valid and infringed by the accused 5.0" diameter propshafts, whether American Axle has proven by a preponderance of evidence that it is entitled to lost profits as compensation for Neapco's alleged infringement of the '911 patent for the 5.0" diameter propshafts.

11. To the extent that the jury finds at least one of the Asserted Claims of the '911 patent is valid and infringed by the accused 5.775" diameter propshafts, whether American Axle has proven by a preponderance of evidence that it is entitled to lost profits as compensation for Neapco's alleged infringement of the '911 patent for the 5.775" diameter propshafts.

12. To the extent that the jury finds at least one of the Asserted Claims of the '911 patent is valid and infringed by the accused 4.5" diameter propshafts, whether American Axle has proven by a preponderance of the evidence the amount of damages in the form of lost profits to which American Axle is allegedly entitled as compensation for Neapco's alleged infringement of the '911 patent for the accused 4.5" diameter propshafts.

13. To the extent that the jury finds at least one of the Asserted Claims of the '911 patent is valid and infringed by the accused 5.0" diameter propshafts, whether American Axle has proven by a preponderance of the evidence the amount of damages in the form of lost profits to which American Axle is allegedly entitled as compensation for Neapco's alleged infringement of the '911 patent for the accused 5.0" diameter propshafts.

14. To the extent that the jury finds at least one of the Asserted Claims of the '911 patent is valid and infringed by the accused 5.775" diameter propshafts, whether American Axle has proven by a preponderance of the evidence the amount of damages in the form of lost profits to which American Axle is allegedly entitled as compensation for Neapco's alleged infringement of the '911 patent for the accused 5.775" diameter propshafts.

15. To the extent that the jury finds at least one of the Asserted Claims of the '911 patent is valid and infringed by the accused 4.5" diameter propshafts, the amount of damages in the form of a reasonable royalty to which American Axle is allegedly entitled as compensation for Neapco's alleged infringement of the '911 patent for the accused 4.5" diameter propshafts.

16. To the extent that the jury finds at least one of the Asserted Claims of the '911 patent is valid and infringed by the accused 5.0" diameter propshafts, the amount of damages in the form of a reasonable royalty to which American Axle is allegedly entitled as compensation for Neapco's alleged infringement of the '911 patent for the accused 5.0" diameter propshafts.

17. To the extent that the jury finds at least one of the Asserted Claims of the '911 patent is valid and infringed by the accused 5.775" diameter propshafts, the amount of damages in the form of a reasonable royalty to which American Axle is allegedly entitled as compensation for Neapco's alleged infringement of the '911 patent for the accused 5.775" diameter propshafts.

**Validity and Enforceability:**

18. Whether Neapco has proven by clear and convincing evidence that the Asserted Claims are invalid as anticipated under 35 U.S.C. § 102.

19. Whether Neapco has proven by clear and convincing evidence that the Asserted Claims are invalid as obvious under 35 U.S.C. § 103.

20. Whether Neapco has proven by clear and convincing evidence that the Asserted Claims are invalid for failure to satisfy the definiteness requirement under 35 U.S.C. § 112.

21. Whether Neapco has proven by clear and convincing evidence that the Asserted Claims are invalid for failure to satisfy the enablement requirement under 35 U.S.C. § 112.

22. Whether Neapco has proven by clear and convincing evidence that the Asserted Claims are invalid for failure to satisfy the written description requirement under 35 U.S.C. § 112.