IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN AXLE & MANUFACTURING, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEAPCO HOLDINGS LLC and NEAPCO DRIVELINES LLC, <br><br> Defendants. | C.A. No. 15-1168-GBW |

## ORDER

Having reviewed the proposed joint pretrial order (D.I. 313) submitted by Plaintiff American Axle & Manufacturing, Inc., ("Plaintiff") and Defendant Neapco Holdings LLC and Neapco Drivelines LLC ("Defendants") regarding the jury trial scheduled to begin on January 25, 2024, **IT IS HEREBY ORDERED** that:

1. With respect to Plaintiff's motion *in limine* number 1, Plaintiff requests that the Court exclude all evidence and argument relating to prior proceedings in this matter, including briefing and orders of the Court, the Federal Circuit, and the Supreme Court, on patent eligibility under 35 U.S.C. § 101. D.I. 313, Ex. 10 at 3. Plaintiff's motion *in limine* number 1 is **GRANTED-IN-PART AND DENIED-IN-PART-AS-PREMATURE**. Defendants' evidence list contains the parties' briefs before the Federal Circuit and Supreme Court on patent eligibility, the Federal Circuit's order denying *en banc* review as to patent eligibility, and the Federal Circuit's order affirming the Court's February 2018 judgment of invalidity for lack of patent eligibility. *Id*. Plaintiff argues that the parties' briefings and decisions on patent eligibility are inadmissible under Rules 401, 402 and 403 as patent eligibility is not

1

an issue at trial and would thus require the parties "to explain the procedural, factual, and legal underpinnings of the parties' briefing and decisions of the Court and Federal Circuit." *Id.* at 5; *see* Fed. R. Evid. 401; Fed. R. Evid. 402; Fed. R. Evid. 403. Plaintiff further argues that the Federal Circuit's prior decisions, and Defendants' briefs, are inadmissible hearsay. *Id.* Defendants respond that they do not intend to "affirmatively admit or otherwise rely on prior judicial orders in front of the jury" but, instead, intend to rely on Plaintiff's own arguments. *Id.* at 7. Defendants contend that Plaintiff, in its appeal to the Federal Circuit on the issue of patent invalidity, made prior admissions about what the claims require to prove infringement. *Id.* The Court agrees. For example, Plaintiff—in its argument that the claims of the '911 patent were not "directed to" Hooke's law—stated that claim 1 requires a "liner . . . configure[d] . . . to match," "damp shell mode vibrations in the shaft member by an amount that is greater than or equal to about 2%" and that is "configured to damp bending mode vibrations". *Id*, Ex. 10-k at 39-40. The Court finds that Plaintiff's statements in a prior proceeding may be admissible in this proceeding as a prior admission if Defendants introduce those statements to show that Plaintiff's position at trial is inconsistent. *See* Fed. R. Evid. 801(d)(2); *Cook Grp. Inc. v. Boston Sci. Scimed, Inc.*, 809 F. App'x 990, 999-1000 (Fed. Cir. 2020) (vacating PTAB decision after finding that "[t]he Board erred in refusing to consider [patentee's] Preliminary Patent Owner Response admission when it was weighing the evidence"); *Sioux Steel Co. v. Prairie Land Mill Wright Servs.*, No. 16-cv-2212, 2022 WL 17082541, at *2 (N.D. Ill. Nov. 18, 2022) (admitting patentee's statement from a prior litigation with relevance to a disputed issue as a party admission). The Court further finds that introduction of Plaintiff's statements in a past proceeding on what the claims require for infringement would not be unduly

2

prejudicial. *See Sioux Steel*, 2022 WL 17082541 at 2. Accordingly, the Court denies-as-premature Plaintiff's motion to exclude evidence related to Plaintiff's briefing at this time. Plaintiff may re-raise its objection at trial if Defendants seek to introduce Plaintiff's briefing for an improper purpose. The Court grants Plaintiff's motion to exclude the judicial orders and Defendant's briefing as inadmissible hearsay.

2. With respect to Plaintiff's motion *in limine* number 2, Plaintiff requests that the Court exclude all evidence and argument relating to Defendants' invalidity theory that "the [] claims recite a mere desired result without any means of achieving that result disclosed in the specification and, therefore, the claims are invalid under 35 U.S.C. § 112 for lack of enablement and written description." *Id*. at 14 (internal citations omitted). Plaintiff's motion *in limine* number 2 is **DENIED-AS-PREMATURE**. During discovery, Defendants raised three (3) § 112 invalidity defenses: indefiniteness, lack of enablement, and lack of written description. *Id*. Plaintiff contends that each defense was based on the same theory, i.e. that a person of ordinary skill would not reasonably know whether a given propshaft and liner falls within the scope of the claims because "there are a number of different tests to measure properties of a given propshaft and liner," "a person of ordinary skill would not know what test to choose," and "the different tests produce different results." *Id*. Plaintiff argues that Defendants now seek to raise the new theory that the specification does not disclose to a person of ordinary skill "concrete manufacturing steps … to make a final product that achieves … a propshaft with liners that are tuned and damp propshaft vibration". *Id*. at 16. Plaintiff contends that Defendants' old and new theories differ as Defendants' old theory assumes that a person of ordinary skill in the art knows the steps needed to manufacture the propshaft and liner. *Id*. In contrast, Defendants' new

3

theory contends that a person of ordinary skill in the art *would not* know how to manufacture the propshaft and liner. *Id.* In response, Defendants contend that their theory is not new because enablement and written description require, by definition, adequate disclosure of the "means of achieving" the "full scope" of a claimed method. *Id.* at 18; *see* 35 U.S.C. § 112 (requiring a "written description of the invention" including "the manner and process of making and using it"); *Baxalta Inc. v. Genentech, Inc.*, 81 F.4th 1362, 1365 (Fed. Cir. 2023) ("the specification of a patent must teach those skilled in the art how to make and use the full scope of the claimed invention without undue experimentation"). The Court finds that Plaintiff's motion to preclude evidence related to Defendants' invalidity theory is premature because Plaintiff has not pointed to specific evidence it seeks to exclude. *See id.* at 14-17. Thus, the Court lacks sufficient evidence to determine whether Defendants' invalidity theory relies on evidence or argument that was not previously disclosed. Plaintiff may re-raise its objection during trial if Defendants seek to introduce evidence or theories that Defendants did not previously disclose.

3. With respect to Plaintiff's motion *in limine* number 3, Plaintiff requests that the Court exclude Defendants' fact witness testimony regarding non-infringement. *Id.* at 25. Plaintiff's motion *in limine* number 3 is **GRANTED**. Plaintiff seeks to preclude Defendants from offering testimony or other evidence that, to avoid infringement, Defendants' "engineers tuned the 5.775 inch diameter propshafts to a bending mode, but not a shell mode, and did not tune the 5.0 inch or 4.5 inch propshafts to a bending mode or a shell mode." *Id at 25-27*. Plaintiff argues that Defendants used attorney-client privilege as a sword and shield because Defendants' fact witness, Mr. Wehner, asserted privilege when asked about an opinion of counsel concerning the '911 patent, but later testified that

4

Defendants tuned their liners for a single mode to avoid any risk of patent infringement. *Id.* at 29-30. In response, Defendants did not respond to Plaintiff's sword and shield argument but contends that they "do[] not intend to introduce testimony that [Defendants] did not specifically tune liners at the advice of counsel." *Id.* at 30. However, Defendants argue that the Court should deny Plaintiff's motion because Plaintiff might open the door to the advice-of-counsel issue. *Id.* at 31. In addition, Plaintiff also seeks to exclude Defendants' fact witnesses from improperly offering expert testimony as to infringement or non-infringement of the asserted claims. *Id.* at 29-30. Defendants also failed to respond to Plaintiff's argument that Defendants' fact witnesses should not be permitted to offer expert testimony on non-infringement. Thus, the Court grants Plaintiff's motion because of Defendants' failure to respond to both Plaintiff's advice-of-counsel argument and Plaintiff's expert witness argument. Accordingly, Defendants' fact witnesses are limited to testifying as to their personal knowledge of the development of the accused products. *See* Fed. R. Evid. 701. The Court need not determine at this time whether Plaintiff's arguments at trial could open the door to testimony regarding the advice of Defendants' counsel. If Defendants believe that Plaintiff's arguments at trial have opened the door, Defendants may request permission from the Court to admit testimony regarding their counsel's advice. *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l Inc.*, 2018 WL 5292544 at *1 (D. Del. Oct. 25, 2018) ("Both sides should understand that the Court's pretrial rulings are subject to reevaluation should a party open the door and materially alter the considerations the Court had before it prior to trial.").

4. With respect to Defendants' motion *in limine* number 1, Defendants request that the Court exclude argument, evidence or testimony relating to Plaintiff's doctrine of equivalents

5

theory ("the DOE theory.") D.I. 313, Ex. 11 at 4. Defendants argue that Plaintiff's doctrine of equivalents theory for claim limitation 1(c) of the '911 patent is merely conclusory, and that Plaintiffs did not timely disclose a DOE theory for any other claim limitation. *Id.* Defendants' motion *in limine* number 1 is **DENIED**. Defendants concede that Plaintiff, in its Supplemental Final Infringement Contentions, disclosed a DOE theory for claim limitations 1(c), i.e. "tuning at least one liner to attenuate at least two types of vibration transmitted through the shaft member." *Id.* However, Defendants contend that Plaintiff did not disclose a DOE theory for claim limitation 1(f). *Id.* In response, Plaintiff contends that its Supplemental Final Infringement Contentions were not limited to the recited limitations but, instead, "apply across the tuning limitations." *Id.* at 9. The Court finds that Plaintiff did not properly disclose its DOE theory for claim limitation 1(f) because Plaintiff did not expressly state its theory applied to the 1(f) limitation. However, the Court denies Defendants' motion to exclude Plaintiff's DOE theory because Plaintiff's untimely disclosure was not sufficiently extreme to justify exclusion of otherwise relevant evidence. *See Praxair, Inc. v. ATML Inc.*, 231 F.R.D. 457, 463 (D. Del. 2005). Plaintiff raised the same DOE theory for claim limitations 1(c) and 1(f). *See id.* Thus, since Defendants were on notice of, and responded to, Plaintiff's claim limitation 1(c) DOE theory, the Court finds that the "extreme" remedy of exclusion is not proper. *Id.* at 10; *see Praxair,* 231 F.R.D. at 463. In addition, Defendants also argue that Plaintiff's expert's testimony on limitation 1[c] should be limited to a single paragraph wherein Dr. Rahn explained his DOE theory for each group of the accused products. *Id.* at 6. Defendants argue that the information that Dr. Rahn incorporated by reference from his Opening Report is not relevant because that information relates to products no longer accused of

infringement. *Id.* In response, Plaintiff contends that the information that Dr. Rahn incorporated by reference is relevant to claim limitations 1(c) and 1(f) because Dr. Rahn specifically referenced and incorporated those paragraphs into those limitations. *Id.* at 10-11. The Court is not persuaded by Defendants' argument that the incorporated information is not relevant merely because the products described in the incorporated sections are no longer at issue. The incorporated section of Dr. Rahn's report described the basis of Dr. Rahn's DOE theory and applied it to the non-asserted products. *See id.* By incorporating that section of his report into his discussion of the asserted products, Dr. Rahn also incorporated the basis of his theory and applied it to limitations 1(c) and 1(f). Accordingly, the Court finds that Defendants' argument goes to the weight of the evidence, not its admissibility, and that Defendants can adequately challenge through cross-examination whether Dr. Rahn's DOE theory is equally applicable to the asserted products. Thus, the Court denies Defendants' motion.

5. With respect to Defendants' motion *in limine* number 2, Defendants request that the Court preclude Plaintiff from referencing any alleged copying or studying of Plaintiff's patents or products by Defendants unless Defendants present an obviousness defense at trial. *Id.* at 163. Defendants' motion *in limine* number 2 is **GRANTED-IN-PART** and **DENIED-IN-PART.** Willfulness is not at issue in this case. *Id.* Defendants are, however, asserting a non-enablement defense. *See* D.I. 313. When willfulness and non-infringement are not at issue, courts have routinely found that the minimal probative value of a defendant's pre-suit knowledge of an asserted patent, and any alleged copying, is substantially outweighed by the risk of unfair prejudice, including the risk that the jury will use evidence of copying to unfairly conclude that the defendant's products infringe the patent-in-suit. *See, e.g.,*

*Finjan Inc. v. Blue Coat Sys., Inc.*, No. 13-cv-03999, 2015 WL 4129193, at *6 (N.D. Cal. July 8, 2015); *Shure Inc. v. ClearOne, Inc.*, C.A. No. 19-1343-RGA, 2021 WL 4974001, at *2 (D. Del. Oct. 26, 2021); *Personalized User Model, L.L.P. v. Google Inc.*, C.A. No. 09-525-LPS, 2014 WL 807736, at *4 (D. Del. Feb. 27, 2014). However, evidence of copying is relevant to non-enablement. *Medtronic, Inc. v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563, 1583 (Fed. Cir. 1983) ("Evidence of copying may defeat assertions of non-enablement"); *see Stratoflex Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 218 USPQ 871, 880 (Fed.Cir.1983) ("[a]n alleged infringer's lauding of all the available prior art may ... have a hollow ring when played against its disregard of that art and its copying of the invention."). Accordingly, the Court finds that Plaintiff may introduce evidence of copying if Defendants raise either an obviousness defense, a non-enablement defense, or both. Further, if Plaintiff seeks to introduce evidence of copying, Plaintiff shall prepare an appropriate limiting instruction in connection with that use for the Court's consideration. *See Finjan*, 2015 WL 4129193 at *6.

6. With respect to Defendants' motion *in limine* number 3, Defendants request that the Court preclude Plaintiff from offering evidence or argument that the accused products infringe the asserted claims regardless of the method of manufacture of the accused products. D.I. 313, Ex. 13 at 179. Defendants' motion *in limine* number 3 is **DENIED-AS-PREMATURE**. Defendants contend that Dr. Rahn will testify that Defendants practice an infringing method based solely on Dr. Rahn's opinion that Defendants' method of manufacture results in a product that is the desired result of the '911 patent. *Id*. Defendants contend that such testimony is improper because a method patent infringes only if the steps of the accused patent are performed. *Id.* at 180; *see, e.g., Limelight Networks, Inc. v.*

*Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014) ("A method patent . . . is not infringed unless all the steps are carried out.") In response, Plaintiff contends that Dr. Rahn will not testify that Defendants infringe merely because the accused product achieves the desired result. *Id.* at 184. Instead, Plaintiff contends that Dr. Rahn will testify about the manufacturing steps taken by Defendants to manufacture the accused products, and that the accused products possess the desired result of the '911 patent. *Id.* at 184-185. Further, the parties also dispute whether the results achieved by Defendants' manufacturing process are circumstantial evidence of the steps of the manufacturing process itself. *Id.* at 186, 188. The Court finds that Defendants' motion is premature. Defendants' motion goes to whether Plaintiff has sufficiently met its burden of proof to show that the steps of the '911 patent are performed by Defendants' method. Accordingly, the Court finds that Defendants' motion is best viewed in light of the totality of the evidence presented by Plaintiff in its case-in-chief. Thus, the Court finds that Defendants' arguments are more appropriately asserted and evaluated as a motion for judgement as a matter of law. Accordingly, the Court denies Defendants' motion *in limine* number 3 as premature.

                                                                                   _____
                                                                                   GREGORY B. WILLIAMS
                                                                                   UNITED STATES DISTRICT JUDGE

Date: January 11, 2024