IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AMERICAN AXLE & MANUFACTURING,
INC.,

              Plaintiff,

     v.

NEAPCO HOLDINGS LLC and NEAPCO
DRIVELINES LLC,

            Defendants.

Civil Action No. 15-1168-GBW

## MEMORANDUM ORDER

Pending before the Court are Plaintiff's[1] Motions for Supplemental Damages, Pre-Judgment Interest, and Post-Judgment Interest (respectively, "Supplemental Damages Motion," "Pre-Judgment Interest Motion," and "Post-Judgment Interest Motion") (D.I. 355), which have been fully briefed (D.I. 356; D.I. 370; D.I. 376), and Defendants' Motion for Approval of Stay of any Execution or Enforcement of the Judgment by Bond ("Bond Motion") (D.I. 361), which also has been fully briefed (D.I. 361; D.I. 364; D.I. 367). For the following reasons, the Court grants each of Plaintiff's motions and denies Defendants' motion.

## I.  DISCUSSION

The Court divides its Discussion into the following Sections: (A) The Court Grants Plaintiff's Supplemental Damages Motion, (B) The Court Grants Plaintiff's Pre-Judgment Interest Motion, (C) The Court Grants Plaintiff's Post-Judgment Interest Motion, and (D) The Court Denies Defendants' Bond Motion. The Court assumes the parties' familiarity with this action and

---

[1] Defendants are Neapco Holdings LLC and Neapco Drivelines LLC. Plaintiff is American Axle & Manufacturing, Inc.

only sets forth the facts that are pertinent to resolution of the motions that are the subject of this Memorandum Order in the various Sections below.

**A.      The Court Grants Plaintiff's Supplemental Damages Motion**

"The parties agree that the Court should award $1,060.00 in supplemental damages for sales that occurred up to the time of entry of the judgment but not reflected in the jury's verdict." *See* D.I. 356 at 1.  Thus, the Court awards Plaintiff $1,060.00 in supplemental damages.

**B.      The Court Grants Plaintiff's Pre-Judgment Interest Motion**

On March 6, 2024, Plaintiff filed its Pre-Judgment Interest Motion.  D.I. 356.  In the memorandum in support of its Pre-Judgment Interest Motion, Plaintiff requests that the Court "award pre-judgment interest calculated continuously from the date of [Defendants'] first infringement through judgment using the prime rate and compounded quarterly as is standard in this District." D.I. 356 at 1.  Plaintiff requests "pre-judgment interest on both the jury's damages award and [Plaintiff's] supplemental damages." D.I. 356 at 2.  Plaintiff states that the "parties agree that the Court should award pre-judgment interest using the prime rate and compounded quarterly." D.I. 356 at 2.  The total amount that the Court should award, according to Plaintiff, is $1,196,900.00.  D.I. 356 at 6.

On April 3, 2024, Defendants filed their opposition. D.I. 370.  Therein, Defendants request that the Court deny Plaintiff's Pre-Judgment Interest Motion for two reasons: (1) Plaintiff is, according to Defendants, "responsible for a significant amount of the delay" in this action, and (2) "the amount of prejudgment interest" that Plaintiff seeks ($1.2M) is, according to Defendants, "a punitive amount when compared to the overall damages award ($4.0M)." D.I. 370 at 3-4. Defendants add that, if "prejudgment interest is not denied, it should be limited to the period prior to [Plaintiff's] request for stay, which amounts to $404,939.00." D.I. 370 at 3.  Defendants do not otherwise contest Plaintiff's computation of pre-judgment interest. *See* D.I. 370.

The Court addresses each of Defendants' three points in turn. *First*, Defendants contend the Court should deny Plaintiff's Pre-Judgment Interest Motion because Plaintiff "is responsible for a significant amount of the delay." D.I. 370 at 3. The delay that Defendants contemplate is that Plaintiff successfully "sought to stay the case pending [Plaintiff's] petition for certiorari to the U.S. Supreme Court on a different set of claims." D.I. 370 at 3.

"Prejudgment interest should normally be awarded in patent cases [like this one] to provide patent owners with complete compensation." *Roche Diagnostics Corp. v. Meso Scale Diagnostics, LLC*, 503 F. Supp. 3d 156, 180 (D. Del. 2020) (citation omitted). "However, courts may deny prejudgment interest altogether, where the requesting party has been responsible for undue delay in prosecuting the lawsuit." *Id.* at 180-81 (cleaned up). "This Court's common practice is to award prejudgment interest calculated at the prime rate, compounded quarterly, from the day of the first infringement through the date of judgment." *Id.* at 181 (collecting cases).

Here, the amount of time between Plaintiff's filing of a petition for a writ of certiorari and the U.S. Supreme Court's denial of said petition, where Plaintiff apparently sought certiorari on a different set of claims, does not, without more, constitute an "undue" delay. "Unlike in *Crystal Semiconductor v. TriTech Microelectronics Int'l*, 246 F.3d 1336, 1361 (Fed. Cir. 2001), a case on which [Defendants rely (*see* D.I. 370 at 3)] and in which the Federal Circuit affirmed denial of prejudgment interest where a two-year delay in filing suit was a 'litigation tactic,' there is no comparable evidence here." *See id.* Thus, the Court declines to deny Plaintiff's Pre-Judgment Interest Motion in light of the delay caused by Plaintiff's filing of a petition for a writ of certiorari.

*Second*, Defendants contend that that the amount of pre-judgment interest that Plaintiff seeks is punitive rather than compensatory. D.I. 370 at 4. Defendants quote *In re Frescati Shipping Co.* for the "proposition that an award of prejudgment interest must be compensatory

3

rather than punitive." *See* D.I. 370 at 4 (cleaned up). However, the amount Plaintiff seeks is compensatory because, as Plaintiff correctly observes (D.I. 376 at 2), the "amount is simply the result of the parties' agreed-upon methodology" for computing pre-judgment interest. Indeed, there is nothing punitive about awarding pre-judgment interest to account for the time that was expended by the parties in reasonably litigating this action, including on appeal. Thus, the Court declines to deny Plaintiff's Pre-Judgment Interest Motion on the purported basis that the amount of pre-judgment interest that Plaintiff seeks is punitive.

*Third*, since the period of time in which this action was stayed pending Plaintiff's petition for a writ of certiorari is not undue, the Court declines to limit pre-judgment interest to the period of time that expired prior to the filing of the petition.

For the foregoing reasons, the Court grants Plaintiff's Pre-Judgment Interest Motion and awards Plaintiff $1,196,900.00 in pre-judgment interest.

## C.     The Court Grants Plaintiff's Post-Judgment Interest Motion

"The parties agree that the statutory post-judgment interest rate is 4.76% for the calendar week preceding February 7, 2024." *See* D.I. 356 at 6. Plaintiff contends: "The Court should award post-judgment interest at that rate and compounded annually on the total of (i) $4,005,620.00 awarded by the jury, (ii) $1,060.00 in supplemental damages, and (iii) any pre-judgment interest awarded to" Plaintiff. D.I. 356 at 6. Defendants do not oppose. *See* D.I. 370 at 1 (stating that they do not oppose Plaintiff's "motion for supplemental damages or post-judgment interest"). Thus, the Court grants Plaintiff's Post-Judgment Interest Motion.

## D.     The Court Denies Defendants' Bond Motion

On March 7, 2024, Defendants filed their Bond Motion. D.I. 361. In their memorandum in support, Defendants represent that they "obtained a bond in the amount of $4,297,076.42, with Swiss Re Corporate Solutions America Insurance Corporation serving as surety." D.I. 361 ¶ 3.

Defendants also represent that the "amount of the Bond includes the amount of damages awarded in the Judgment ($4,005,620[.00]), approximate supplemental damages for a small number of additional sales of accused products that occurred between October 4, 2023 and February 7, 2024 ($1,060[.00]),[] and approximately 18 months of interest using the interest rate set forth in 28 U.S.C. § 1961 ($290,396.42)." D.I. 361 ¶ 4.

On March 12, 2024, Plaintiff filed an opposition to Defendants' Motion. D.I. 364. Therein, Plaintiff requests that the Court deny Defendants' Motion because, according to Plaintiff, the amount of the bond that Defendants secured "is insufficient to protect [Plaintiff] during the pendency of any post-trial and appeal process." D.I. 364 at 1. In particular, Plaintiff contends that Defendants' "proposed bond does not account for any amount of pre-judgment interest." D.I. 364 ¶ 3.

On March 19, 2024, Defendants filed their reply. D.I. 367. Therein, Defendants acknowledge that Plaintiff is entitled to some amount of interest, but contend that the amount of pre-judgment interest is disputed and that the Court has not yet issued an order on the amount of pre-judgment interest. D.I. 367 at 1. Defendants also state that "should the Court later determine that" a certain amount of pre-judgment interest "is appropriate, [the Court] can at that time revisit whether some additional amount of bond is appropriate." D.I. 367 at 2.

Federal Rule of Civil Procedure 62(b) provides: "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). Plaintiff correctly observes that the "purpose of the supersedeas bond under Rule 62(d) is to preserve the status quo during the pendency of an appeal and protect the winning party from the possibility of loss resulting from the delay in execution" and that the

"bond in whatever form should generally be sufficient in amount to satisfy the judgment, plus interest and costs." D.I. 364 ¶ 1 (citing *VICI Racing, LLC v. T-Mobile USA, Inc.*, 921 F. Supp. 2d 317, 335 (D. Del. 2013)). "District courts have discretion regarding whether to waive or modify the bond requirement." *Cuker v. Berezofsky*, No. 24-0471, 2025 U.S. Dist. LEXIS 83322, at *2 (E.D. Pa. May 1, 2025).

With this Memorandum Order, the Court is awarding Plaintiff $1,196,900.00 in pre-judgment interest. Since the bond that Defendants secured does not account for pre-judgment interest, the bond is not "sufficient in amount to satisfy the judgment, plus interest and costs." *See VICI Racing*, 921 F. Supp. 2d 317, 335. Thus, the Court denies Defendants' Bond Motion. Below, the Court will instruct that Defendants may file a new motion under Federal Rule of Civil Procedure 62(b) when Defendants have secured a bond that covers the pre-judgment interest awarded by this Memorandum Order and any additional post-judgment interest that is necessary as a result of the pre-judgment interest award.

## II.    CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's Motions for Supplemental Damages, Pre-Judgment Interest, and Post-Judgment Interest (D.I. 355) and denies Defendants' Motion for Approval of Stay of any Execution or Enforcement of the Judgment by Bond (D.I. 361). The denial of Defendants' motion is without prejudice for the reasons set forth in this Memorandum Order. Since the Court was able to resolve Plaintiff's motions without oral argument, the Court denies-as-moot Plaintiff's request for oral argument on these motions (D.I. 379). The Court will resolve Plaintiff's motion for a permanent injunction or an on-ongoing royalty (D.I. 355) on a later date.

WHEREFORE, at Wilmington this 17th day of September 2025, **IT IS HEREBY ORDERED** that Plaintiff's Motions for Supplemental Damages, Pre-Judgment Interest, and Post-Judgment Interest (D.I. 355) are **GRANTED** and Defendants' Motion for Approval of Stay of any Execution or Enforcement of the Judgment by Bond (D.I. 361) is **DENIED**. **IT IS FURTHER ORDERED** that Defendants may file a new motion under Federal Rule of Civil Procedure 62(b) when Defendants have secured a bond that also covers the pre-judgment interest awarded by this Memorandum Order and any additional post-judgment interest that is necessary as a result of the pre-judgment interest award.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE